In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-3374

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JAMES BEIER,

*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 05-CR-172-S-01—**John C. Shabaz**, *Judge*.

---

ARGUED APRIL 18, 2007—DECIDED MAY 29, 2007

---

Before POSNER, COFFEY, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*.  After pleading guilty to producing child pornography, the defendant was sentenced to 360 months in prison. That was the statutory maximum, 18 U.S.C. § 2251(e), although the bottom of the applicable guidelines; the top is life, but of course the statutory maximum controls. The defendant had produced a number of videotapes and DVDs depicting nude prepubescent boys. Some showed him fondling the boys' genitals. He had also had oral sex with some of the boys, though off-camera.

He argues that the factors set forth in 18 U.S.C. § 3553(a) to guide the sentencing judge required a lower sentence

than the guidelines minimum of 360 months. He bases the argument primarily on a cluster of personal experiences and characteristics. He was sexually molested as a child by his half-brother, and he has a low IQ (83), depression, and learning disabilities as a consequence of which he received social security disability benefits until his arrest. He also argues, however, that his sentence is inconsistent with the principle of marginal deterrence (*United States v. Newsom*, 402 F.3d 780, 785-86 (7th Cir. 2005)) because he could not have been given a longer sentence for producing child pornography even if, instead of merely touching the genitalia of the children whom he molested, he had raped them on camera. 18 U.S.C. § 2251(e). Relatedly he argues that his sentence, by punishing less serious misconduct as heavily as more serious, creates an arbitrary disparity in sentencing. And last he argues that a 240-month sentence would be adequate to achieve the penological objectives set forth in section 3553(a).

The statute directs the sentencing judge to consider a variety of factors bearing on a proper sentence; so far as they might bear on this case they are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

*   *   *

(6) the need to avoid unwarranted sentence disparities
among defendants with similar records who have been
found guilty of similar conduct.

The statute does not attach weights to these factors, thus
leaving the sentencing judge with enormous latitude,
reinforced by the vagueness of some of the factors (what is
"just punishment," for example?). A party who fails to
provide cogent reasons or credible empirical evidence
for or against a proposed sentence is pretty much at the
mercy of the instincts and intuitions of the sentencing
judge.

The defendant failed to give the district judge any help
in picking a sentence. It was not nearly enough for his
lawyer to point out that his client had been a victim of child
molestation; the lawyer presented no evidence or studies to
indicate that such a history makes a person less able to
avoid becoming a child molester, let alone becoming a
producer of child pornography (which might however be
considered a form of child molestation when it involves
photographing actual children in erotic poses).

There is evidence that being a victim of child molestation
is highly correlated with becoming a child molester. E.g.,
United States Department of Justice, Bureau of Justice
Statistics, "Sex Offenses and Offenders: An Analysis of
Data on Rape and Sexual Assault" vi (1997) ("sexual
assault offenders were substantially more likely than any
other category of offenders to report having experienced
physical or sexual abuse while growing up"); Carol
Veneziano, Louis Veneziano & Scott LeGrand, "The
Relationship Between Adolescent Sex Offender Behaviors
and Victim Characteristics With Prior Victimization," 15 *J.
Interpersonal Violence* 363 (2000); Frederick Mathews, *The
Invisible Boy: Revisioning the Victimization of Male Children*

*and Teens* 35-38 (1996); Danya Glaser & Stephen Frosh, *Child Sexual Abuse* 21-22 (2d ed. 1993). But the defendant's lawyer did not refer the district judge to any of this evidence. Nor did he present any evidence suggesting that a low-normal IQ, or learning disabilities, break down a person's resistance to becoming a child molester and a producer of child pornography. (There may not be any such evidence. See, e.g., Paul Okami & Amy Goldberg, "Personality Correlates of Pedophilia: Are They Reliable Indicators?," 29 *J. Sex Research* 297, 309-10 (1992).)

Even if such characteristics do make it more difficult for a person to comply with the law, the question, unaddressed by the defendant, would remain whether they require a shorter sentence or a longer sentence than would be appropriate for a defendant who lacked those characteristics. The more difficult it is for a person to resist a desire for sexual contact with children, the more likely he is to recidivate, and this is an argument for a longer prison sentence. And on grounds of deterrence as well as incapacitation, for the stronger the impulse to commit a criminal act, the greater must be the threat of punishment in order to deter it.

The defendant was 31 when sentenced, so that had he been sentenced to 20 years in prison he would (with good-time credits) be out before he was 50. His lawyer presented no evidence that the compulsion to have sex with children is so far diminished at that age as to render the person relatively harmless, or indeed that it is diminished at all. We know that a nontrivial fraction of recidivist sex offenders are over 50, see, e.g., Bureau of Justice Statistics, *supra*, at 8-10; Robert A. Prentky *et al*., "Sexually Violent Predators in the Courtroom: Science on Trial," 12 *Psychology, Public Policy & Law* 357, 375-377 (2006), though we do not know how many of these are child molesters.

The defendant is correct that the punishment for child pornographers who engage in worse misconduct than the defendant is capped at 360 months, so that they cannot be punished more heavily than he was. But the defendant's lawyer misunderstands the concept of marginal deterrence. It is not, as he seems to believe, that crimes of different gravity must *never* be punished the same. It is that punishing two crimes of different gravity the same is unsound when to do so would encourage additional crimes. See Tracey L. Meares, Neal Katyal & Dan M. Kahan, "Updating the Study of Punishment," 56 *Stan. L. Rev.* 1171, 1172-80 (2004), and references cited there. Were robbery punished as severely as murder, a robber would have an increased incentive to murder his victim in order to eliminate a key witness. (Indeed, he would have an increased incentive to murder any witness.) He would still have some disincentive to commit the more serious crime, because police make a greater effort to catch a murderer than a robber. But this effect would be counterbalanced by the greater difficulty of catching and convicting the perpetrator of a crime to which there are no surviving witnesses.

The argument from marginal deterrence fails in the present case: first, because child pornographers who molest the children whom they photograph can be punished separately for molestation, and the more heavily the worse the molestation, see, e.g., 720 ILCS 5/12-13 through 5/12-16, and a sentence for molestation can be made to run consecutively to a sentence for pornography. And second, a child who is raped is more likely to complain than one who is merely touched; the rape of a child is also likely to produce physical evidence that a touching would not. So the rapist is more likely to be apprehended, as well as to

be punished more heavily. For these reasons, reducing the punishment of the child pornographer because another pornographer might be a worse molester yet could not be sentenced more heavily for pornography would have no effect other than to increase the amount of child pornography; and a reduction in punishment that had only that effect would not reduce an *unwarranted* disparity in sentencing.

AFFIRMED.

A true Copy:

      Teste:

                           _____
                           *Clerk of the United States Court of Appeals for the Seventh Circuit*