In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3103

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RANDY MAULDING,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-20063-001—**Michael P. McCuskey**, *Chief Judge.*

ARGUED NOVEMBER 9, 2010—DECIDED NOVEMBER 30, 2010

Before POSNER, TINDER, and HAMILTON , *Circuit Judges.*

PER CURIAM.    A jury found Randy Maulding guilty
on separate counts of receipt, possession, and distribu-
tion of child pornography. *See* 18 U.S.C. § 2252A(a)(2),
(a)(5)(B). The district court calculated an imprisonment
range of 324 to 405 months, and sentenced him below
that range to a total of 240 months followed by a life
term of supervised release. Maulding essentially argues
that 240 months is necessarily unreasonable because, in

his view, the Chapter 2 guideline on which it is based is flawed. This contention has already been rejected in a published opinion, and Maulding adds nothing new. Accordingly, we affirm his sentence.

Random investigation led authorities to Maulding. In March 2007 an investigator in the Illinois attorney general's office logged onto a peer-to-peer network looking for users with child pornography available to share. A computer in Maulding's home, identifiable by IP address, was connected to the network. The investigator downloaded several files from the computer, and after verifying that they contained child pornography, turned the matter over to Special Agent Mike Mitchell at Immigration and Customs Enforcement. Mitchell executed a search warrant at Maulding's home and located 53 movie files containing child pornography on his computer. The files had been downloaded on different occasions before the search and were available for download from Maulding's shared folder on the peer-to-peer network.

The applicable Chapter 2 guideline, U.S.S.G. § 2G2.2, provides for a base offense level of 22. *Id.* § 2G2.2(a). The presentence investigation report prepared by the probation officer added upward adjustments for material involving prepubescent minors, *id.* § 2G2.2(b)(2); material containing depictions of violence, *id.* § 2G2.2(b)(4); use of a peer-to-peer network and file-sharing software, *id.* § 2G2.2(b)(3)(F); use of a computer to possess, transmit, receive, or distribute material, *id.* § 2G2.2(b)(6); and possession of more than 600 images of child pornogra-

phy, *id.* § 2G2.2(b)(7)(D). These adjustments brought Maulding's total offense level to 37. The probation officer calculated a criminal-history category of V after assessing points for Maulding's prior convictions for possession of cocaine, theft, and driving without a valid license, and because he committed the child pornography crimes within two years of his release from state prison.

At sentencing the district court adopted the guidelines imprisonment range of 324 to 405 months from the presentence report. The government did not object to the presentence report and recommended a prison sentence of 324 months. The statutory maximum for receipt and distribution of child pornography is 240 months, 18 U.S.C. § 2252A(a)(2), (b)(1), so the government recommended consecutive sentences to reach a total term of imprisonment within the guidelines range.

Maulding made several objections to the guidelines calculations. He disputed the applicability of the upward adjustment for distribution based only on the passive file sharing that occurs in a peer-to-peer network, and he argued that the upward adjustment for using a computer was double counting. He also challenged the denial of a downward adjustment for what he characterized as his "minimal role" in the offense, *see* U.S.S.G. § 3B1.2. Maulding conceded that these arguments were foreclosed by circuit precedent but wanted to preserve them for appeal. He argued that 120 months would be a reasonable sentence because his criminal-history score included several points for traffic offenses, he had

no history of sexual misconduct, he did not engage in any sexual acts with children, and he did not create any child pornography.

The district court overruled Maulding's objections to the guidelines calculations and concluded that a sentence of 240 months was reasonable in light of the factors in 18 U.S.C. § 3553(a). The court agreed with Maulding that a criminal-history category of V, though properly calculated, overrepresented his criminal past. The court noted that Maulding did not personally trade child pornography and had no history of violence or sex offenses. The court opined that Maulding did not present a risk of recidivism but also noted that after his arrest he had used an unmonitored computer in violation of the conditions of his pretrial release. The court found that Maulding failed to accept responsibility for his actions, and decided that a serious sentence was necessary to deter Maulding and others, and to protect children.

Maulding concedes that the district court did not commit any procedural misstep at sentencing, and he acknowledges that the court applied the § 3553(a) factors and took into account his arguments in mitigation. But even so, says Maulding, the court imposed a substantively unreasonable sentence. And the reason, Maulding essentially maintains, is that no sentence derived from the guidelines for child pornography could be reasonable because "the Sentencing Guidelines on child pornography are overly harsh and result in disproportionately high sentencing ranges regardless of

the individual characteristics of the defendant." This same contention has been considered and rejected previously by this circuit.

Maulding contends that applying the Chapter 2 guideline for child-pornography crimes, *see* U.S.S.G. § 2G2.2, is likely to yield a prison sentence that is unreasonable and inconsistent with the requirements of § 3553(a). As evidence he cites *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), in which the appellate court overturned a 240-month sentence for distributing child pornography because the district court had both misstated the applicable imprisonment range and speculated that the defendant was likely to sexually assault a child despite the absence of evidence to support that conclusion. *Id.* at 181, 183. In explaining its decision to remand, the Second Circuit observed that § 2G2.2 is "fundamentally different from most" guidelines because the Sentencing Commission, at the direction of Congress, has repeatedly amended it to dictate higher ranges rather than following the standard empirical approach used to develop other Chapter 2 guidelines. *Id.* at 184. The court cautioned that § 2G2.2 should be carefully applied because otherwise the guideline "can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *Id.* But the Second Circuit did not hold, as Maulding wants us to conclude, that virtually any application of § 2G2.2 will yield an unreasonable sentence. Maulding also cites a recent survey where 70 percent of district judges opined that the sentencing ranges for possession of child pornography are too high, 69 percent thought the ranges for receipt of child

pornography are too high, and 30 percent viewed the ranges for distribution as too high. *See* U.S. SENTENCING COMM'N, RESULTS OF SURVEY OF UNITED STATES DISTRICT JUDGES JANUARY 2010 THROUGH MARCH 2010, at tbl.8 (2010), http://www.ussc.gov/judge_survey/2010/judgesurvey_201006.pdf.

   Maulding's premise rehashes the argument we rejected in *United States v. Huffstatler*, 571 F.3d 620 (7th Cir. 2009) (per curiam). In that appeal the defendant argued that the child-pornography guidelines are so flawed that sentencing courts *must* disagree with the resulting imprisonment range, *id.* at 622, and here, Maulding says that imposing a prison term anywhere close to the guidelines range will result in an unreasonable sentence. In *Huffstatler* we acknowledged an article criticizing the child-pornography guidelines as unreliable because they are not based on study and empirical data. *Id.* at 622-23. We emphasized, however, that while district courts perhaps are free to sentence below the guidelines range based on a policy disagreement with the child-pornography guidelines, the defendant's position that courts must do so was "untenable." *Id.* at 623-24. The same goes here. What matters is whether the sentencing judge correctly calculated the guidelines range and evaluated the § 3553(a) factors to arrive at a reasonable sentence. *Id.* at 624. The district court correctly calculated the guidelines range, acknowledged that the guidelines are advisory, agreed with Maulding that several mitigating factors favored him, and then imposed a below-range sentence which the court deemed warranted in light of the § 3553(a) factors.

Still, says Maulding, § 2G2.2 leaves no room to differentiate between the least- and most-serious offenders in child-pornography cases because the imprisonment range will almost always be above the statutory maximum. He contends that the ranges are so high that all sentences are concentrated at or near the statutory maximum and that this result violates the principle that defendants who are convicted of dissimilar conduct should not receive similar sentences, *see Gall v. United States*, 552 U.S. 38, 55 (2007). As an example, Maulding cites a recent case where another defendant who pleaded guilty to receiving child pornography was also sentenced to 240 months' imprisonment even though the underlying facts were far more egregious. *See United States v. Nurek*, 578 F.3d 618 (7th Cir. 2009). In *Nurek*, the defendant was a school principal with thousands of images of child pornography on his computer and a history of sexually abusing students. *Id.* at 620-21. That defendant also attempted to manipulate his victims to obstruct the investigation. *Id.* at 622-23. In contrast, Maulding emphasized at his sentencing that he never engaged in sexual acts with children and did not create any child pornography.

We have previously considered and rejected the argument that sentences at the statutory maximum in child-pornography cases are more often unreasonable. In *United States v. Beier*, 490 F.3d 572, 573 (7th Cir. 2007), the defendant was sentenced at the bottom of the guidelines range, but at the statutory maximum, after pleading guilty to production of child pornography. The defendant argued that the high imprisonment ranges for

child-pornography crimes create arbitrary sentencing disparities because less serious misconduct is punished as heavily as more egregious misconduct. *Id.* He also reasoned that his sentence was inconsistent with the principle of marginal deterrence because it left no room to punish him more severely if he had engaged in even more serious misconduct. *Id.* We first noted that a defendant who engages in more serious misconduct, such as molesting a child, could be punished separately for that additional conduct. *Id.* at 575. We also noted that judges have discretion to give consecutive sentences to punish offenders who are charged with multiple crimes. *Id.* This is precisely the approach the government favored when it recommended that Maulding receive consecutive sentences to bring his sentence within the guidelines range. The district court could have sentenced Maulding to a longer term of imprisonment but instead decided that a shorter sentence was warranted on the facts of this case. The court could have imposed an even lower sentence, if, in its discretion, such a sentence was appropriate, but that is not a reason to find the administered sentence unreasonable. *See United States v. Biggs*, 491 F.3d 616, 624 (7th Cir. 2007); *United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006).

Accordingly, we AFFIRM the judgment of the district court.