**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 26, 2011
Decided February 18, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 09-4035 & 09-4063

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | Nos. 09-cr-10055-002 & 09-cr-10055-001 |
| | |
| RAYMOND E. FREEMAN and | Joe Billy McDade, |
| TAMMY S. WATTERS, | *Judge.* |
| *Defendants-Appellants.* | |

**ORDER**

Tammy Watters and Raymond Freeman appeal from their respective sentences of 360 months' imprisonment after they both pleaded guilty to producing child pornography with Watters's seven-year-old son. Watters maintains that her sentence is unreasonably high. Freeman's appointed lawyer, however, has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). For the following reasons, we affirm Watters's sentence, grant Freeman's lawyer's motion to withdraw, and dismiss Freeman's appeal.

In 2008 Watters lived in a house with several people, including Freeman and Watters's seven-year-old autistic son, RW. Over the course of the year, Freeman and Watters produced six pornographic videos depicting one or both adults engaging in sexual conduct with RW and directing RW to perform sexual acts with them. In 2009 a girl visiting Freeman's son at the house noticed some DVDs bearing suggestive titles and RW's name. She took two of the videos, watched them, and told Freeman's son that she intended to turn over the videos to the police. Freeman's son told his father, who presumably informed Watters because she promptly asked another resident of the house to hide some of the videos in their attic. The police arrived with a search warrant and seized many of the videos; Watters's housemate turned the hidden videos over to the police several days later. The Illinois Department of Children and Family Services removed RW from the home.

The police arrested Freeman and Watters, and a grand jury charged them with producing child pornography, 18 U.S.C. § 2251(a), and criminal forfeiture, 18 U.S.C. § 2253. Both initially pleaded not guilty but changed their pleas to guilty without plea agreements. At sentencing the court assessed Watters's total offense level at 46 and Freeman's at 44, both of which were reduced to the maximum offense level of 43. *See* U.S.S.G. § 5A, cmt. n.2. Watters had a category I criminal history and Freeman was category IV, yielding an advisory guidelines range for both of life imprisonment. But their guidelines sentences dropped to 360 months, the statutory maximum under 18 U.S.C. § 2251(e). The judge ultimately sentenced each to 360 months. Watters surrendered her parental rights to RW.

### 1. Watters's Appeal

On appeal Watters first argues that the sentencing judge erred because he presumed her guidelines sentence of 360 months was reasonable and did not treat the guidelines as purely advisory. But her argument lacks merit because the court did not state that it applied any such presumption or that it was compelled to follow the guidelines. A sentencing judge must calculate the guidelines range accurately so that it can be drawn upon for insight, but the judge must ultimately tailor a particular sentence based on the 18 U.S.C. § 3553(a) factors without having a "thumb on the scale" in favor of the guidelines. *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007). Here, the court accurately calculated the guidelines and then explained that the § 3553(a) factor of deterrence predominated its decision because Watters had no mitigating physical or mental condition that made her unable to control herself. After describing the offense as one of the worst cases of child abuse it had seen, the court said it considered Watters to be a danger to the community and decided to impose a maximum sentence to deter her and others from

committing the same crime. It did not presume that the sentence was reasonable merely because it was within the guidelines.

Watters also challenges her sentence on the grounds that a 360-month guidelines sentence is unreasonably high for a first-time sex offender. But we have repeatedly rejected challenges to sentencing based solely on policy disagreements with the child pornography guidelines. *See United States v. Coopman*, 602 F.3d 814, 819 (7th Cir. 2010); *United States v. Huffstatler*, 571 F.3d 620, 624 (7th Cir. 2009). Sentencing judges may currently impose sentences below the guidelines range to avoid injustice, and any ultimate solution is the responsibility of Congress and the Sentencing Commission, not the courts. *United States v. Mantanes*, No. 10-1590, 2011 WL 102593, at *4 (7th Cir. Jan. 11, 2011).

Watters next contends that the district court did not properly apply the § 3553(a) factors because it did not address her arguments in mitigation that she had almost no criminal history and had accepted responsibility by pleading guilty and giving up her parental rights. But a court is not required to address every potential sentencing factor like a checklist; it must offer only an adequate statement of reasons for the sentence it chooses. *Coopman*, 602 F.3d at 819; *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). Here, the court reasonably explained Watters's sentence based on its predominant concern with deterring her and others from committing the same crime. Her claims about accepting responsibility and her criminal history were stock sentencing arguments, which the court was free to reject without discussion. *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008).

Watters also argues that the court overlooked her argument in mitigation that as a child she was a victim of sexual abuse, which distorted her understanding of sexuality and caused her to abuse RW. But the court rejected that as a basis for leniency because many abusers were once victims themselves and Watters displayed no present physical or mental condition that might have impeded her ability to control herself. Watters insists that the court should not have made that determination without hearing testimony from a psychological expert. But a sentencing court is charged with making an independent decision and should not accept the opinion of a psychological expert regarding a defendant's culpability unless it comports with the court's own judgment of the § 3553(a) factors. *See United States v. DeSilva*, 613 F.3d 352, 356-57 (2d Cir. 2010). More importantly here, the *defendant* is responsible for producing evidence that supports a lower sentence; a defendant who fails to do so is "at the mercy of the instincts and intuitions of the sentencing judge." *United States v. Beier*, 490 F.3d 572, 574 (7th Cir. 2007).

Watters finally argues that her sentence is substantively unreasonable because she is a first-time sex offender, she does not pose a great danger to the community, and other similar defendants have received lower sentences. But her arguments lack merit because

they do not respond to the court's predominant justification under § 3553(a) for the sentence: to deter other members of the community from committing a similar crime. Moreover, on appeal this court presumes that a sentence within the guidelines range is reasonable and will reverse only for an abuse of discretion. *See United States v. Portman*, 599 F.3d 633, 636 (7th Cir. 2010). Here, Watters's arguments do not establish that the court abused its discretion because they do not show her sentence was unreasonable in light of the § 3553(a) factors. *See United States v. Blue*, 453 F.3d 948, 952 (7th Cir. 2006). Contrary to her assertion, Watters *does* have a history of sexual misconduct that suggests she poses an ongoing danger to others—she previously performed a sex act with an adult man in front of her two young daughters and consequently lost her parental rights to the girls. And while some child pornographers have been punished with less prison time than Watters, other similar defendants have received equal or higher sentences. *See, e.g., Beier*, 490 F.3d at 575 (7th Cir. 2007) (affirming 360-month sentence for child pornography); *United States v. Danser*, 270 F.3d 451, 456 (7th Cir. 2001) (affirming 370-month sentence for abusing and producing pornographic photographs of the defendant's nine-year-old daughter).

### 2. Freeman's Lawyer's *Anders* Motion

Freeman's appointed counsel moves to withdraw because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders*, 386 U.S. at 741-42. Freeman has not responded to counsel's submission, *see* 7TH CIR. R. 51(b), but counsel reports that Freeman wishes to challenge both his guilty plea and his sentence on appeal. This court confines its review to the potential issues identified in counsel s facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Freeman's lawyer first considers arguing that the court violated Rule 11 during the plea colloquy because it failed to inform Freeman that he had the right to persist in his plea of not guilty. Counsel concludes that this argument would be frivolous, and we agree. Although the court never explicitly told Freeman that he had the right to persist in his plea of not guilty, it practically did so by confirming that he understood he was waiving his right to proceed to trial by changing his plea to guilty. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Moreover, not every violation of Rule 11 warrants setting aside a guilty plea; the error must not have been harmless. FED. R. CRIM. P. 11(h); *United States v. Sura*, 511 F.3d 654, 661-62 (7th Cir. 2007). Here, the omission was harmless because Freeman has not shown that it affected his decision to plead guilty. *See United States v. Arenal*, 500 F.3d 634, 637 (7th Cir. 2007); *United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001).

Freeman's lawyer further considers arguing that the district court ignored mitigating factors during sentencing, but correctly concludes that any such argument would be

frivolous. Freeman argued that he should receive a below-guidelines sentence because he no longer posed a threat to the community and was himself a victim of childhood sexual abuse. But the court stated that it believed Freeman did still pose a threat after hearing testimony from Freeman's daughter that he had repeatedly sexually abused her when she was a child. Based on the record, there is no merit to the argument that Freeman should have received a lesser sentence just because he was a victim of molestation; he presented no evidence that his childhood trauma contributed to his production of child pornography. *See Beier*, 490 F.3d at 574.

Counsel also considers arguing, like Watters, that Freeman's sentence should be overturned because the guidelines for child pornography are excessively high. But as counsel concluded, this argument would be frivolous since we have repeatedly rejected it. *See Mantanes*, 2011 WL 102593, at *4; *Coopman*, 602 F.3d at 819; *Huffstatler*, 571 F.3d at 624.

Counsel finally considers arguing that Freeman's sentence is substantively unreasonable, but properly concludes that such an argument would be frivolous. Like Watters, his sentence is within the guidelines range, so it enjoys a presumption of reasonableness on appeal. *See Portman*, 599 F.3d at 636. Further, the court did not abuse its discretion by imposing a maximum sentence; it justified the sentence based on § 3553(a) factors, citing the need to prevent Freeman from committing further crimes and to deter other members of the community from sexually abusing children.

For the forgoing reasons, we AFFIRM Watters's sentence, GRANT Freeman's lawyer's motion to withdraw, and DISMISS Freeman's appeal.