In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3416

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CORY M. REIBEL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:11-cr-30058-GPM-1—**G. Patrick Murphy**, *Judge.*

ARGUED APRIL 24, 2012—DECIDED AUGUST 6, 2012

Before BAUER, KANNE and HAMILTON, *Circuit Judges.*

PER CURIAM.  Cory Reibel sexually molested his girl-friend's three-year-old daughter and took pornographic photos of her. He pleaded guilty to two counts of producing child pornography in violation of 18 U.S.C. § 2251(a) and received concurrent prison sentences of 360 months, the bottom of the Guidelines range but also the statutory maximum. Reibel argues on appeal that his sentence is unreasonable in two ways: it

punishes him as severely as the worst child pornographers, and the judge based it on mere speculation about sex offenders and their victims rather than on evidence. But we have repeatedly rejected the idea that the maximum sentence for child-pornography offenses must be reserved for the worst offenders, and the district judge had sound reasons for choosing the sentence he imposed. We therefore affirm the district court's judgment.

## I. BACKGROUND

Reibel was living with his girlfriend, D.P., and her three-year-old daughter when the child told her mother that Reibel had touched her "private area." D.P. promptly confronted Reibel, but he swore that he had just rubbed the child's belly. Unconvinced, D.P. searched Reibel's cell phone one morning as he slept and there discovered four photos of her daughter's nude pubic area. After sending them to her own phone, D.P. left the house and called the police. Reibel was arrested and admitted to taking the photos. The child, in a forensic interview, said that in addition to photographing her Reibel had digitally penetrated her vagina and anus and had called her "sexy."

Federal prosecutors charged Reibel with two counts of producing child pornography. Reibel, who had cooperated throughout the investigation, pleaded guilty to both charges. A probation officer then prepared a presentence report describing Reibel's difficult childhood (his stepfather was physically, though not sexually,

abusive), lack of a criminal record, gainful employment as lead server for a catering company, and victimization of D.P.'s daughter. Also included in the presentence report was a victim-impact statement from D.P. in which she relates that she spent five days in a psychiatric ward after learning of Reibel's crimes and that she and her daughter continue to suffer psychologically.

Reibel's probation officer calculated his Guidelines imprisonment range at 360 months to life based on a criminal history category of I and total offense level of 42 (base offense level of 32, *see* U.S.S.G. § 2G2.1(a), plus 4 levels because the victim was under age 12, *see id.* § 2G2.1(b)(1), 2 levels for molesting the girl, *see id.* § 2G2.1(b)(2)(A), 2 levels because the victim was under Reibel's care, *see id.* § 2G2.1(b)(5), and 5 levels for engaging in a pattern of abuse (the photos were taken on two different days), *see id.* § 4B1.5(b), minus 3 levels for acceptance of responsibility, *see id.* § 3E1.1). But taking the statutory maximum into account, *see* 18 U.S.C. § 2251(e), the probation officer concluded that Reibel's advisory sentence was just 360 months. (The Guidelines call for concurrent sentences on Reibel's two counts. *See* U.S.S.G. § 5G1.2(c).)

At sentencing Reibel's lawyer conceded that the presentence report stated the facts accurately and calculated his advisory sentence correctly, but he argued that Reibel's remorse, lack of prior convictions, history of drug addiction, desire for treatment, and professed commitment not to reoffend meant that a below-Guidelines sentence of 188 months' imprisonment would satisfy

the goals of sentencing. For its part, the government urged the judge to give Reibel 5 years beyond the advisory 30 by imposing consecutive rather than concurrent sentences.

After listening to the parties' entreaties, the judge detailed how the sentencing factors of 18 U.S.C. § 3553(a) applied in Reibel's case. He began with the nature of the offense, which he called a "repulsive crime that Congress . . . has set its face against." Turning next to the defendant's history and characteristics, he acknowledged Reibel's "particularly difficult childhood," clean criminal record, and steady employment. The judge then emphasized the need to provide "just punishment" and to protect society from the defendant, explaining that D.P.'s desire for retribution was legitimate and that lengthy incarceration would prevent Reibel from reoffending. The judge rejected, however, the government's request for a 35-year sentence and instead imposed concurrent 30-year sentences. In his assessment, "the sentencing scheme laid out by Congress in this case is well thought out and it's appropriate."

## II. DISCUSSION

On appeal Reibel first argues that the child-pornography Guidelines skew toward the statutory maximum and that this, in combination with mitigating evidence in his presentence report, rebuts the appellate presumption that a within-Guidelines sentence is reasonable. The child-pornography Guidelines, he notes, were developed without the help of empirical evidence,

*see United States v. Maulding*, 627 F.3d 285, 287 (7th Cir. 2010), and he contends that as a result they fail to approximate the sentencing goals of § 3553(a). This is demonstrated, he says, by his receiving the same sentence as child pornographers who are statistically more likely to reoffend and whose conduct was "far more reprehensible."

Reibel is making what amounts to a marginal-deterrence argument (i.e., an argument that the harshest sentences must be reserved for the worst offenders, *see United States v. Newsom*, 428 F.3d 685, 688 (7th Cir. 2005)). But marginal-deterrence arguments stand a chance only if the sentencing scheme actually encourages criminals to commit more-serious crimes (for example, if the punishment for robbery were the same as that for murder, then robbers would have an incentive to murder any witnesses to their robberies). *See United States v. Beier*, 490 F.3d 572, 575 (7th Cir. 2007). The child-pornography sentencing scheme gives no such encouragement; offenders worse than Reibel can be given consecutive sentences or prosecuted separately for child molestation (or another crime). *See id.*; *United States v. Klug*, 670 F.3d 797, 801-02 (7th Cir. 2012); *Maulding*, 627 F.3d at 288. Reibel correctly points out that the consecutive-sentence option is available only for defendants facing multiple charges, but we have difficulty imagining an offender worse than Reibel who could neither be charged with more than one child-pornography count nor prosecuted separately for a related crime. In any event, the potential inaptness of the Guidelines in some sex cases does not obligate district judges to give

all sex offenders below-Guidelines sentences. *See United States v. Garthus*, 652 F.3d 715, 721 (7th Cir. 2011); *Maulding*, 627 F.3d at 288; *United States v. Huffstatler*, 571 F.3d 620, 623-24 (7th Cir. 2009).

Anticipating the possibility that his marginal-deterrence argument would be unavailing, Reibel also argues that, irrespective of any flaws in the Guidelines, the mitigating evidence in his presentence report rebuts the appellate presumption that a within-Guidelines sentence is reasonable. He points to his stable employment, high school diploma, lack of prior convictions, and the abuse he suffered as a child. The judge, however, thoroughly considered this mitigating evidence when applying the § 3553(a) factors, and Reibel's disagreement with how the judge weighted particular factors does not establish an abuse of discretion. *See Beier*, 490 F.3d at 574.

Reibel next challenges the reasonableness of his sentence by arguing that the district judge based it on mere speculation about sex-offender recidivism rates and the severity of damage suffered by sex-abuse victims rather than on dependable evidence. He relies on *United States v. Miller*, 601 F.3d 734 (7th Cir. 2010), in which we concluded that the defendant's above-Guidelines sentence was unreasonable because it was based on the district judge's belief, unsupported by evidence, that "sex-offenders have a higher than normal rate of recidivism, specific deterrence does not work for them, and as a result, lengthy incapacitation is the only way to protect the public," *id.* at 739. According to Reibel, his own sen-

tence was inspired by the same unfounded views. In support of this contention he provides quotations from his sentencing hearing and cites several sex-offender studies finding comparatively low recidivism rates for first-time offenders, for perpetrators who were not themselves victims of sexual abuse, and for men who molest female rather than male children. He also cites a study finding that the psychological repercussions of sexual abuse are influenced by the victim's age at the time of the abuse (younger children tend to recover faster) and its duration, which in this case was relatively short thanks to the victim's conscientious mother.

We are unpersuaded that the judge based Reibel's sentence on speculation and ignored evidence that should have been taken into account. In contrast to *Miller*, the judge here did not opine that sex offenders are utterly intractable or irredeemable; he instead explained that though it remains an "open question" whether punishment effectively deters sex offenders, sex-offender recidivism rates, like those of other offenders, are known to drop with age. And importantly, Reibel received a presumptively reasonable within-Guidelines sentence, *see Rita v. United States*, 551 U.S. 338, 347 (2007), whereas the defendant in *Miller* was given an above-Guidelines sentence requiring special justification, 601 F.3d at 739. As for the studies on sex offenders and their victims that Reibel cites in his appellate brief, he never brought them to the attention of the district court, and sentencing judges cannot be expected to rely on evidence not before them. *See Beier*, 490 F.3d at 574. Besides, to tie sex offenders' sentences to the statistics

Reibel presents in his brief would be repugnant: offenders would be able to secure a shorter sentence by molesting girls rather than boys; offenders who were once victims would receive longer sentences than those who were not; and abusers of young children would receive shorter sentences than those whose victims were older.

Reibel's last challenge to his sentence is that it is unreasonable because the district judge gave great weight to two of the § 3553(a) factors: the need for just punishment (D.P.'s legitimate desire for retribution) and the need to protect society from Reibel's potential future offenses. Again, sentencing judges have discretion over how much weight to give a particular factor. *Beier*, 490 F.3d at 574; *Garthus*, 652 F.3d at 720-21. Although the weighting must fall "'within the bounds of reason,'" those bounds "'are wide,'" *United States v. Busara*, 551 F.3d 669, 674 (7th Cir. 2008) (quoting *United States v. Johnson*, 471 F.3d 764, 766 (7th Cir. 2006)), and Reibel offers no good reason to conclude that the judge here abused his discretion. Penalties for child-pornography offenses are harsh, but Reibel's offense does not fall outside the heartland of such cases.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.