**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 7, 2013
Decided September 25, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1346

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 527 - 2 |
| ALEXANDRO VEGA-CARRILLO, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Alexandro Vega-Carrillo appeals his prison sentence of 70 months, the bottom of his guidelines range. He argues chiefly that the district court erred by failing to address his arguments in mitigation. But the court addressed all of Vega-Carrillo's nonfrivolous arguments and adequately explained its determination of an appropriate sentence. Accordingly, we affirm the judgment.

Police arrested Vega-Carrillo in 2011 after he and a codefendant delivered five kilograms of cocaine to an undercover officer. Vega-Carrillo pleaded guilty to conspiracy to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1). He initially faced a 120-month statutory minimum term, but at the sentencing hearing both parties agreed that Vega-Carrillo satisfied the "safety valve" requirements of U.S.S.G. § 5C1.2(a), which eliminated the mandatory 120-month minimum, *see* 18 U.S.C. § 3553(f), and reduced his offense level by 2, *see* U.S.S.G. § 2D1.1(b)(16). With a revised offense level of 27 and a criminal history category of I, Vega-Carrillo's guidelines imprisonment range was 70 to 87 months.

Vega-Carrillo filed a position paper requesting a 46-month term—the same term given to his codefendant who was subject to the same guidelines range. In his position paper, Vega-Carrillo offered several reasons, based on the sentencing factors in 18 U.S.C. § 3553(a), for imposing a below-guidelines sentence: (1) he sold drugs out of financial need (to support his own drug habit) rather than "avarice"; (2) he had no criminal history; (3) his non-citizen status and imminent removal heightened his punishment relative to other criminals; (4) his confinement prevented him from seeing his newborn child; and (5) he felt truly remorseful after the conviction and had cleaned up his behavior.

The government, in turn, sought a within-guidelines sentence on grounds that (1) Vega-Carrillo dealt in much larger amounts of cocaine than what would be necessary merely to support his own addiction; (2) the guidelines already accounted for his lack of criminal history; (3) his conditions of confinement would not be any harsher than similarly situated criminals; and (4) the codefendant benefitted from a motion for a below-guidelines sentence under U.S.S.G. § 5K1.1 because of his cooperation with the government, and the government was not willing to make the same motion for Vega-Carrillo.

The district judge sentenced Vega-Carrillo to 70 months' imprisonment. He highlighted the seriousness of Vega-Carrillo's offense and its effect on the community, and also noted that Vega-Carrillo cooperated with the government at a later stage than his codefendant, thus benefitting from the "safety valve" provision of U.S.S.G. § 5C1.2(a) but not a motion under § 5K1.1:

> I take into account the arguments of the attorneys, including the representation by defense counsel of what the defendant has told him.

And I think it's unfortunate that this defendant was not immediately forthcoming in his determination to help the government with its case.

But as I view the history, I can't really argue with much of what defense counsel said, with one, frankly rather important, exception; and, that is, that this is really a most serious offense. This was a substantial amount of poison really which this defendant, along with the two others, was seeking to deliver into our community; and all in exchange for money for himself. There are many motives for wanting money. Some are more laudable than others. But after all is said and done, this was an exchange of money, a desire for money, in exchange for which this defendant was willing to subject a lot of people in this community to the hazards of drug addiction, drug use, the drug trade and the violence that goes with it on our streets every day.

To come to this country and engage in that type of conduct is unacceptable. It's just unacceptable. And the public has to be protected and safeguarded from that type of conduct. And one of the ways that that's done is by making sure that every sentence carries some level of deterrence in it.

I'm troubled by the fact that the defendant now has a family that is essentially based here in the United States, and that there is a significant possibility, as experience teaches us, that that will become a powerful motive to draw him back into the United States should he be deported, as he likely will be. A sentence other than in the guideline range, I fear, might not be sufficient to deter him from doing that as well.

Therefore, I think that the appropriate sentence here is one that is within the guideline range, which in this case I think very appropriately takes into account his personal history and characteristics, the need for detention, the seriousness of the offense and the protection of the public.

Vega-Carrillo first argues that the district court procedurally erred by failing to consider his argument that his financial desperation, which motivated his drug dealing, warranted leniency. Sentencing judges must address a defendant's principal arguments in mitigation unless the arguments are frivolous. *United States v. Schmitz*, 717 F.3d 536,

541 (7th Cir. 2013); *United States v. Patrick*, 707 F.3d 815, 818–19 (7th Cir. 2013); *United States v. Vidal*, 705 F.3d 742, 744 (7th Cir. 2013). But Judge Guzmán *did* address this argument; he simply determined that the seriousness of the offense outweighed Vega-Carrillo's motivation for committing it: "There are many motives for wanting money. Some are more laudable than others. But after all is said and done, this was … a desire for money, in exchange for which this defendant was willing to subject a lot of people in this community to the hazards of drug addiction, drug use, the drug trade and the violence that goes with it on our streets every day." This weighing of sentencing factors was well within the judge's discretion. *See United States v. Smith*, 721 F.3d 904, 907 (7th Cir. 2013); *United States v. Busara*, 551 F.3d 669, 674 (7th Cir. 2008).

Vega-Carrillo next contends that the court erred by not considering the "unwarranted disparity" between his sentence and that of his codefendant. But this argument is frivolous: district courts must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), but this sentencing factor applies exclusively to "disparate sentences *not among codefendants or coconspirators* but among judges or districts," *United States v. Scott*, 631 F.3d 401, 405 (7th Cir. 2011) (emphasis added); *see United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012). Moreover, the district court reasonably considered the government's § 5K1.1 motion in the codefendant's case to be a relevant distinction warranting a sentence disparity based on the codefendant's greater cooperation. *See United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009).

Vega-Carrillo also argues that the court based its sentence on a clearly erroneous fact when it speculated at sentencing that he might reenter the country illegally. He insists that the court ignored his statement to the probation officer that he "is never coming back" to the United States and his counsel's statement at sentencing that he hoped to "have an opportunity to return to Mexico, work legitimately back with his family on the farm and also raise his daughter much sooner than later." But a district court does not have to take a defendant's representations of his own intentions as fact. Judge Guzmán's speculation is not a factual finding, let alone a clearly erroneous one.

To the extent that Vega-Carrillo argues that his sentence is unreasonable, that argument is not sufficiently developed to overcome the presumption of reasonableness that we apply to a within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Harris*, 718 F.3d 698, 703 (7th Cir. 2013). And at all events, the district judge carefully analyzed the sentencing factors in 18 U.S.C. § 3553(a)—including

the circumstances of the offense, its seriousness, and the need to protect the public and provide adequate deterrence—and adequately explained their application to Vega-Carrillo's offense. His weighing of the factors fell well within his broad discretion. *See Harris*, 2013 WL 2321352, at \*6; *United States v. Reibel*, 688 F.3d 868, 872 (7th Cir. 2012).

**AFFIRMED**.