| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with |
| Fed. R. App. P. 32.1 |

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued June 10, 2014
Decided June 18, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3447

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:13-cr-00073 |
| SOUBAHN SENYMANOLA, <br> *Defendant-Appellant.* | Charles N. Clevert, Jr. <br> *Judge.* |

**O R D E R**

Soubahn Senymanola was sentenced to a total of 300 months' imprisonment after pleading guilty to armed bank robbery and brandishing a firearm during that crime. His sentence is within the guidelines range, but he argues that the punishment is substantively unreasonable in light of his cognitive impairments, including a low IQ. Senymanola argues that the district judge should have given more weight to these deficits when deciding his sentence. As with any sentencing factor, however, Senymanola's disagreement with the *weight* given his cognitive impairments does not undermine the presumption of reasonableness that applies in this case. We affirm the sentence.

This is the second time that Senymanola has been *prosecuted* for armed bank robbery. The first time he was sentenced to 108 months' imprisonment for a 2006 armed bank robbery.[1] Senymanola had been on supervised release for just three months when, in April 2013, he committed the armed bank robbery underlying this appeal. He walked into a Wisconsin bank, pointed a pistol at the employees, and told a teller to fill a bag he was carrying with money. The teller complied, and Senymanola drove away with $8,179. Within a few minutes of the bank's alarm, police located his car and gave chase at high speed until Senymanola drove off the road and fled on foot. The police soon caught him and found the bag of money and his gun, which was loaded.

Senymanola pleaded guilty to one count of armed bank robbery, 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm during the robbery, *id.* § 924(c)(1)(A)(ii). In his plea agreement he stipulated to being a career offender. As a consequence he faced a guidelines imprisonment range of 262 to 327 months (including the minimum, 7-year consecutive term for the § 942(c)(1) violation). At sentencing the government asked for a sentence of 300 months, and Senymanola requested 130.

After Senymanola pleaded guilty, his attorney arranged for him to be evaluated by a psychologist. The psychologist reported that Senymanola's IQ is at the lower end of the borderline range of functioning. He scored in the second or third percentile in verbal comprehension, working memory, and "processing speed." His perceptual reasoning ranked in the 18th percentile, and he scored below average in language development, general knowledge, and comprehension abilities. He tested at the fifth-grade level in math and the third-grade level in reading. The psychologist noted that Senymanola is likely to be impulsive and unlikely to anticipate the consequences of his actions.

The psychologist did not offer an opinion, however, concerning a link between Senymanola's cognitive impairments and his criminal activity. Yet at sentencing Senymanola's lawyer, relying exclusively on the psychologist's report, argued that the judge should weigh Senymanola's diminished mental capacity in favor of a lesser sentence. The lawyer did not point to anything in the psychologist's report to substantiate these conclusions. Counsel advocated for a sentence within the imprisonment range that would have applied if Senymanola was not a career offender. And if a below-guidelines sentence was not an option, counsel asserted, the judge

---

[1] Senymanola's presentence report recounts that in 2006 he actually committed three armed bank robberies, but only one was charged.

should at least consider a sentence at the low end of the guidelines range, which still would be "incrementally longer" than his previous sentence. The district judge acknowledged Senymanola's argument about his cognitive impairments but explained that the defendant's past incarceration had not stemmed his desire to commit crimes and that he posed a risk to the public. The district judge imposed a within-guidelines sentence of 300 months.

On appeal Senymanola argues that his prison sentence is substantively unreasonable because, in his view, 300 months is longer than necessary to address the goals of sentencing. Essentially he argues that the district judge did not adequately explain why a shorter sentence wasn't enough for someone with cognitive impairments.

This court reviews the substantive reasonableness of a sentence for abuse of discretion in light of the factors in 18 U.S.C. § 3553(a). *See United States v. Molton*, 743 F.3d 479, 484 (7th Cir. 2014). A defendant touting a personal characteristic as a mitigating factor, e.g., cognitive impairments, must provide evidence that the trait is cause for a lower sentence. *See United States v. Cheek*, 740 F.3d 440, 455 (7th Cir. 2014) (age); *United States v. Annoreno*, 713 F.3d 352, 358 (7th Cir. 2013) ("mental characteristics" including bipolar disorder and depression); *United States v. Durham*, 645 F.3d 883, 898 (7th Cir. 2011) ("multiple cognitive and intellectual deficits"); *United States v. Portman*, 599 F.3d 633, 637–38 (7th Cir. 2010) (age); *United States v. Beier*, 490 F.3d 572, 573–74 (7th Cir. 2007) ("cluster of personal experiences and characteristics," including depression, below-average IQ, and sexual abuse in childhood). Moreover, a district judge need not accept a defendant's argument that mental deficits warrant a reduced sentence. *See United States v. Lucas*, 670 F.3d 784, 794 (7th Cir. 2012); *Portman*, 599 F.3d at 638; *United States v. Jackson*, 547 F.3d 786, 796 (7th Cir. 2008).

Senymanola's lawyer argued, but offered no evidence, that his cognitive impairments contributed to the bank robbery. And the psychologist, whose report is the only evidence on Senymanola's mental condition, made no such conclusion. Thus it's no surprise that the district judge, although acknowledging Senymanola's intellectual limitations, was unconvinced that they warranted a lesser sentence. The judge explained that Senymanola would need psychological counseling and the opportunity for more education, but also explained that a lower sentence was not appropriate because his history reflects that he will likely reoffend and that a long sentence is needed to keep people safe from his criminal acts. The district judge acted well within his discretion in weighing the factors as he did. *See United States v. Smith*, 721 F.3d 904,

908 (7th Cir. 2013); *United States v. Coopman*, 602 F.3d 814, 818 (7th Cir. 2010); *United States v. Hurn*, 496 F.3d 784, 790–91 (7th Cir. 2007); *Beier*, 490 F.3d at 574.

What Senymanola continues to ignore is that his cognitive impairments are not the only § 3553(a) factor weighed by the district judge. The judge also emphasized the impact that Senymanola's robbery had on the people at the bank and considered that Senymanola has had problems following directions in the past. He also considered Senymanola's criminal history and the fact that he committed this crime while on supervised release.

Senymanola disagrees with the district court's weighing of the various § 3553(a) factors, including his cognitive impairments. But Senymanola doesn't dispute that the judge *considered* his mental deficits, and the judge fully explained his conclusion that other considerations tipped the scale in favor of a within-range sentence.

Accordingly, we AFFIRM the sentence.