NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Submitted May 2, 2011
Decided September 19, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 10-3272 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, | Northern District of Indiana, |
| *Plaintiff-Appellee*, | Hammond Division. |
| *v.* | No. 2:06-CR-110 |
| LOUIS HOPKINS, JR., | James T. Moody, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Louis Hopkins, Jr., pleaded guilty to one count of receiving child pornography and was sentenced to 210 months' imprisonment.  He appealed his sentence and we vacated on the ground that the district court failed to address his nonfrivolous primary argument in support of a below-guidelines sentence.  On resentencing the district court explained at length its reasons for rejecting the previously ignored argument and reimposed the same sentence.  Hopkins again appeals, but the district court adequately supported its within-guidelines sentence, so we affirm.

Pursuant to a search warrant, police recovered more than 8,000 images of child

pornography from Hopkins's home computer. Hopkins subsequently pleaded guilty to receiving child pornography, *see* 18 U.S.C. § 2252(a)(2), and his correctly calculated guidelines' imprisonment range was 210 to 262 months.

At sentencing Hopkins argued that he should be sentenced to the statutory mandatory minimum of 60 months in prison. In support of the argument, he offered the testimony of Tiffany Simpson, a clinical psychologist who specialized in sex-offender treatment. She testified that Hopkins was amenable to treatment and that a long sentence could be counterproductive to his rehabilitation. For its part the government said that the statutory minimum sentence was "certainly appropriate."

The district court nevertheless imposed a 210-month sentence, the low end of the guidelines range. The court did not address Hopkins's argument or Simpson's testimony in support of a shorter sentence, writing only that Hopkins's argument was "not persuasive to this Court." We vacated the sentence and remanded for further proceedings. We held that the court may not pass in silence over a principal nonfrivolous sentencing argument raised by a defendant. *See United Stated v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Simpson's testimony was not frivolous and had been central to Hopkins's argument for a below-guidelines sentence, so we remanded for resentencing.

On remand the district court explained at length in a written sentencing decision why it rejected Hopkins's arguments and Simpson's testimony. The court listed a number of shortcomings in Simpson's testimony. For starters, she relied in large part on her assessment that Hopkins had been honest during her evaluation, but in fact one of the personality tests Hopkins took was invalidated based on his dishonesty. Further, although Simpson characterized Hopkins as "not a pedophile" because his primary sexual interest was not in children, she also said he shared "commonality in thinking and behavior to both child-molesting sex offenders and offenders who primarily use force during their assaults." Moreover, he disclosed during the evaluation that he had "committed multiple types of sexual assault behaviors with multiple [child] victims." The court cast doubt on Simpson's ability to predict his risk of reoffending because she conceded that there is no empirically proven test for identifying likelihood of recidivism. Finally, the court noted that Simpson's recommendation of the minimum sentence was based on her general views of the impact of long sentences on sex offenders rather than the particulars of Hopkins's case. For these and other reasons, the district court found Simpson's testimony unpersuasive and reimposed the original sentence of 210 months.

In this second appeal Hopkins seems to concede that the district court adequately explained its reasons for rejecting Simpson's testimony. Instead, he maintains that the court failed to address several other primary arguments he made, but the court's written sentencing decision suggests otherwise. Hopkins insists that the district court failed to

adequately respond to his arguments about his "treatability" and the counterproductivity of a long incarceration, but the district court specifically addressed those contentions when rejecting Simpson's testimony. The remaining arguments he made in the district court are "stock" arguments that the court was not required to address. *See United States v. Hall*, 608 F.3d 340, 347 (7th Cir. 2010).

Hopkins also contends that the district court committed procedural error by presuming that the guidelines were reasonable. *See United States v. Johnson*, 635 F.3d 983, 988 (7th Cir. 2011) (a within-guidelines sentence is presumed reasonable on appeal, not in the district court). Again, however, the sentencing record contradicts this argument. The judge stated on the record that the guidelines are mandatory and not advisory. The considered the § 3553(a) factors and went on to balance the aggravating and mitigating factors in Hopkins's case. Hopkins makes much of the fact that the judge said he needed "compelling justification" to impose a below-guidelines sentence, but the context of this remark shows that the court was responding to Hopkins's request for a sentence 150 months below the applicable guidelines range. The judge's "compelling-justification" remark is a reference to the unremarkable proposition that the further a judge deviates from the guidelines, the more persuasive the § 3553 factors must be. *See United States v. Parr*, 545 F.3d 491, 504 (7th Cir. 2008) ("[A]lthough such a large deviation might be reasonable in some circumstances, it would require a rather strong justification . . . ." (citing *Gall v. United States*, 552 U.S. 38 (2007))). The judge's comment does not suggest that he applied a presumption of reasonableness to a within-guidelines sentence.

Finally, Hopkins argues that his sentence is substantively unreasonable. He notes that his sentence (210 months) is significantly closer to the statutory maximum (240 months) than the statutory minimum (60 months) for his crime. He argues that his conduct is significantly less reprehensible than that of others who have been convicted under this statute. To the extent that this is a challenge to the child-pornography guidelines, we have repeatedly reaffirmed their validity. *United States v. Matanes*, 632 F.3d 372, 377 (7th Cir. 2011); *United States v. Maulding*, 627 F.3d 285, 288 (7th Cir. 2010) (per curiam). And it strains credulity to suggest that Hopkins should be ranked among the least serious child-pornography offenders when he possessed more than 8,000 images of child pornography on his home computer and had an acknowledged history of sexual misconduct involving adolescent and prepubescent children. The 210-month sentence imposed by the district court was substantively reasonable.

AFFIRMED.