In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-2622

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARK C. HUFFSTATLER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:07-cr-30167-JPG-DGW-1—**J. Phil Gilbert**, *Judge*.

ARGUED JANUARY, 28 2009—DECIDED JUNE 30, 2009

Before BAUER, RIPPLE, and TINDER, *Circuit Judges*.

PER CURIAM. Mark Huffstatler pleaded guilty to producing child pornography, *see* 18 U.S.C. § 2251(a), and the district judge imposed an above-guidelines sentence. Huffstatler seeks a remand for resentencing, contending that his sentence is unreasonable because the child-pornography sentencing guidelines are not the product of empirical research. We affirm.

## BACKGROUND

Huffstatler hired a 14-year-old boy, T.P., to help with some household chores, but things turned unsavory when Huffstatler asked T.P. to take off his shirt and loosen his shorts for pictures that Huffstatler planned to sell on the internet. T.P. initially agreed, but after a few photos he asked to leave. Huffstatler refused. Removing T.P.'s pants, Huffstatler manipulated the boy's penis until it was erect and took 16 photographs of him.

Huffstatler pleaded guilty to producing child pornography, *see* 18 U.S.C. § 2251(a), and the district judge calculated his sentencing-guidelines range. The base offense level was 32, *see* U.S.S.G. § 2G2.1, which the court increased to 38 because T.P. was between the ages of 12 and 16 years, *see* U.S.S.G. § 2G2.1(b)(1)(B), Huffstatler had sexual contact with T.P., *see* U.S.S.G. § 2G2.1(b)(2)(A), and Huffstatler intended to distribute the pictures, *see* U.S.S.G. § 2G2.1(b)(2)(A). The judge ultimately reduced Huffstatler's offense level to 35 because he quickly pleaded guilty. *See* U.S.S.G. § 3E1.1(a) & (b).

Turning to criminal history, the district court observed that Huffstatler had victimized many others. First, there were his violent felonies: he served four years in prison after pleading guilty to sexually assaulting his 13-year-old adopted son (in exchange the state prosecutor dismissed charges that Huffstatler had raped his stepsons, who were then six and eight years old), and he was convicted of unlawful restraint for locking an 18-year-old man in the trunk of his car. There were also repeated attempts at sexual contact with teenage boys: in 1999 a 13-year-old

told the police that Huffstatler had propositioned him and, mere months before the incident with T.P., a 14-year-old reported that Huffstatler tackled and groped him as he fled Huffstatler's home. Huffstatler's previous violent felonies qualified him as a career offender with a Category VI criminal history, *see* U.S.S.G. § 4B1.1, and his sexual-assault conviction also triggered a 25-year statutory minimum sentence, *see* 18 U.S.C. § 2251(e). Thus, although Huffstatler's offense level and criminal history category intersected at 292 to 365 months' imprisonment, the district court correctly noted that the effective guidelines range was 300 to 365 months.

Huffstatler urged the district court to sentence him to the statutory minimum prison term, 25 years. After evaluating the factors laid out in 18 U.S.C. § 3553(a), the sentencing judge instead concluded that an above-guidelines sentence was necessary for four reasons: to deter Huffstatler (as his prior short sentences had not) and other would-be predators; to protect society from Huffstatler's incorrigible recidivism; to reflect the seriousness of his offense and its effect on his victim; and to allow time for Huffstatler to seek treatment. The court sentenced Huffstatler to 450 months' imprisonment.

## ANALYSIS

Relying on a 2008 paper by federal defender Troy Stabenow, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines* 27-32 (July 3, 2008), http://www.fd.org/pdf_lib/child%20porn%20july%20revision.pdf, Huffstatler argues

that the guidelines for crimes involving sexual exploitation of a minor, U.S.S.G. §§ 2G2.1-.2, were crafted without the benefit of the Sentencing Commission's usual empirical study and are invalid. He concludes that the district judge was obligated to sentence him below the guidelines range and that his sentence is, consequently, unreasonable. Because Huffstatler did not raise this argument at sentencing, we review for plain error and may, in our discretion, vacate the district court's sentence only if there was an error that is plain and that affects Huffstatler's substantial rights. *See United States v. Pree*, 408 F.3d 855, 868-69 (7th Cir. 2005). We would exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006).

Stabenow's article has been gaining traction in the district courts and has been cited numerous times for the proposition that a judge who disagrees generally with the harshness of the child-pornography guidelines may impose a sentence well below the guidelines range for that reason alone. *E.g., United States v. Shipley*, 560 F. Supp. 2d 739,744-46 (S.D. Iowa 2008) (explaining that the guidelines' "advice in this [child-exploitation] case is less reliable than in other cases where the guidelines are based on study and empirical data," and, thus, 90 months' imprisonment was more appropriate than guidelines range of 210 to 240 months); *United States v. Hanson*, 561 F. Supp. 2d 1004, 1008-12 (E.D. Wis. 2008) (sentencing defendant whose effective guidelines range was 210-240 months' imprisonment to 72 months); *United States v. Grober*, 595 F. Supp.2d 382, 390-412 (D.N.J.

Dec. 22, 2008) (sentencing defendant to 60 months' imprisonment, though guidelines range was 235 to 293 months); *United States v. Baird*, 580 F. Supp. 2d 889, 894-96 (D. Neb. 2008) (imposing sentence of 24 months, although guidelines range was 46 to 57 months). Stabenow presents the following syllogism: *Kimbrough v. United States*, 128 S. Ct. 558 (2007), allows district courts to disagree on policy grounds with sentencing guidelines that exhibit methodological flaws; the same methodological flaws that characterize the crack guidelines—lack of empirical support—also undermine the child-pornography guidelines; therefore, district courts may sentence child-pornography offenders below the guidelines range based on disagreement with the policy embodied in the guidelines. Stabenow, *supra*, at 27-32.

Huffstatler parroted this construction, up to a point, and the government's brief provided no reason to doubt Stabenow's conclusion. The government conceded that "*Kimbrough v. United States*, 128 S.Ct. 558, 575 (2007), does afford a sentencing court discretion to vary from the guidelines when they do not reflect 'empirical data and national experience.'" And, perhaps for good reason, the government did not take issue with Huffstatler's premise that the child-exploitation guidelines lack an empirical basis. As the Sentencing Commission itself has stated, "[m]uch like policymaking in the area of drug trafficking, Congress has used a mix of mandatory minimum penalty increases and directives to the Commission to change sentencing policy for sex offenses." U.S. Sentencing Comm'n, *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice*

*System is Achieving the Goals of Sentencing Reform* 72-73 (November 2004), *available at* http://www.ussc.gov/15_year/ 15_year_study_full.pdf.[1]

But we need not ultimately decide whether *Kimbrough* gives district courts the discretion to disagree with the child-pornography guidelines on policy grounds, because Huffstatler does not contend that the district court abused its discretion. *See United States v. Taylor*, 520 F.3d 746, 747-48 (7th Cir. 2008). He argues instead that the methodological flaws that supposedly run through the child-pornography guidelines invalidate them entirely. Thus, he submits, not only *may* a district court sentence below the child-exploitation guidelines based on policy disagreements with them, it *must*.

Huffstatler's stance is untenable. His argument is based on analogy to the crack guidelines, yet those guidelines remain valid, even after *Kimbrough*. *See United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008). Judges are not

---

[1] Following oral argument, the government filed a motion that for the first time responded to Huffstatler's contentions. The government's 31-page submission criticized the notion that *Kimbrough* has relevance beyond the crack guidelines and took issue with Huffstatler's assertion that the child-exploitation guidelines lack an empirical basis. But the government already had a chance to counter the positions Huffstatler advanced in his opening brief—its own brief. Thus, these arguments come too late for our consideration. *See Valentine v. City of Chicago*, 452 F.3d 670, 680 (7th Cir. 2006). And anyway, for the reasons that we explain below, the government's position, even if correct, would not affect the outcome of this appeal.

required to disagree with them; a within-guidelines sentence for a crack offense may be reasonable. *Id.*; *see also United States v. Lopez*, 545 F.3d 515, 516-17 (7th Cir. 2008) (affirming a within-guidelines sentence for possession with intent to distribute crack). The child-exploitation guidelines are no different: while district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, as with the crack guidelines, they are certainly not required to do so. Because the district court was not obligated to sentence Huffstatler below the range recommended by valid sentencing guidelines, Huffstatler cannot establish error, let alone plain error.

Finally, Huffstatler's sentence, though above the guidelines range, was reasonable. The sentencing judge correctly calculated the guidelines range and then reviewed the § 3553(a) factors—including recidivism, deterrence, seriousness of the crime, and time for treatment—in some detail before announcing that a longer sentence was justified. We require nothing more. *See United States v. McIntyre*, 531 F.3d 481, 483-84 (7th Cir. 2008).

Accordingly, we AFFIRM Huffstatler's sentence.