**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 16, 2009[*]
Decided September 23, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 09-1202 & 09-1353

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | Nos. 07-CR-40059 & 08-CR-30091 |
| LEE ROY LANCE and DONOVAN DOTSON, *Defendants-Appellants*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

We have consolidated for decision these appeals because they raise the same issue: whether a district court must disregard U.S.S.G. § 2G2.2 when imposing a sentence for a child-pornography conviction under 18 U.S.C. § 2252A. Lee Roy Lance pleaded guilty to distribution and possession of child pornography, 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), and

_____

[*] After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

Donovan Dotson pleaded guilty to possession of child pornography, *id.* § 2252A(a)(5)(B). Judge Gilbert, who presided over both cases, imposed a below-range term of imprisonment in each: Lance was sentenced to a total of 120 months and Dotson to 66 months. These sentences, the defendants maintain, are unreasonable because they started with the application of § 2G2.2.

The district court calculated Lance's imprisonment range using a total offense level of 34. *See* U.S.S.G. §§ 2G2.2, 3E1.1. That offense level, coupled with Lance's criminal history category of I, yielded a guidelines imprisonment range of 151 to 188 months. The court concluded, however, that total imprisonment of 120 months, 31 months below the properly calculated guidelines range, was reasonable when measured against the pertinent factors in 18 U.S.C. § 3553(a). For Dotson, the district court calculated a total offense level of 28, *see* U.S.S.G. §§ 2G2.2, 3E1.1, which along with his criminal history category of I, yielded a guidelines imprisonment range of 78 to 97 months. Once more, though, the court selected a lower term after evaluating all of the § 3553(a) factors. Dotson received 66 months, 12 months below the properly calculated guidelines range.

At sentencing Lance and Dotson objected to the district court's use of § 2G2.2. They argued that the court should bypass the guidelines altogether because in their view the Sentencing Commission promulgated § 2G2.2 without any empirical data to support the imprisonment ranges that result from its application. As a consequence, the defendants continued, any sentence that takes into account a guidelines range based on § 2G2.2 *must* be unreasonable. The district court overruled this objection, explaining that it did not have the discretion to ignore the sentencing guidelines. The defendants did not argue that the guidelines ranges calculated by the district court were otherwise improper.

On appeal Lance and Dotson repeat their argument that § 2G2.2 is invalid and that any sentence based on a guidelines range calculated using § 2G2.2 is per se unreasonable. As authority for their contention that § 2G2.2 is flawed, the defendants quote language that was initially included but later withdrawn from our opinion in *United States v. Huffstatler*, 561 F.3d 694, *vacated*, 571 F.3d 620 (7th Cir. 2009). At best, then, our revised opinion simply acknowledges that there is support for the premise that § 2G2.2 lacks empirical support. More importantly, however, in *Huffstatler* we conclusively upheld the validity of § 2G2.2 as the starting point when sentencing for child-pornography crimes. 571 F.3d at 624. In *Huffstatler* we described the argument made by the defendants here as "untenable" and observed that "while district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, as with the crack

guidelines, they are certainly not required to do so." *Id.* at 623-24.  Indeed, we have since added that a sentencing court is not even "*required* to consider . . . an argument that a guideline is unworthy of application in *any* case because it was promulgated without adequate deliberation." *United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009).

In addition to their argument about § 2G2.2, both defendants also contend that the district court failed to give proper consideration to other § 3553(a) factors besides the guidelines range.  But in each case the district court discussed the § 3553(a) factors at length and imposed a below-range term of imprisonment.  Lance received a prison sentence 31 months below the properly calculated guidelines range, and Dotson received a term 12 months below the properly calculated guidelines range.  We presume that the choice of sentence for both defendants is reasonable, *see United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005), and we are given no reason to disturb this presumption.

The judgments in both appeals are AFFIRMED.