**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 16, 2009[*]
Decided October 7, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4017

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-164 |
| CHRISTOPHER W. DALLUM, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Christopher Dallum pleaded guilty to two counts of possessing child pornography, 18 U.S.C. § 2252(a)(4), and was sentenced to a total of 144 months' imprisonment. Dallum argues that he must be resentenced because, in his view, the district court should not have applied U.S.S.G. § 2G2.2 in calculating his guidelines range. We affirm the judgment.

In addition to the two counts of possessing child pornography, Dallum was also charged with using a means of interstate commerce to entice a minor to engage in sexual

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

activity, 18 U.S.C. § 2422(b). He pleaded guilty to the child-pornography charges, and because he has a prior conviction for sexual assault of a minor, a 10-year statutory minimum sentence applied to each child-pornography count, *id.* § 2252(b)(2). The district court calculated Dallum's imprisonment range under the sentencing guidelines and set a base offense level of 18, *see* U.S.S.G. § 2G2.2(a). The court increased the offense level to 38 after adding 2 levels because of the young ages of some of the children depicted in the materials; 2 more levels because the offense conduct involved online distribution; 4 levels because the materials portray sadistic or masochistic activity or violence; 5 levels because Dallum had an ongoing sexual relationship with a 16-year-old female; 2 levels because the crimes involved a computer; and 5 levels because he possessed more than 600 images. *Id.* § 2G2.2(b)(2), (b)(3)(F), (b)(4), (b)(5), (b)(6), (b)(7)(D). The district court then arrived at a total offense level of 35 after giving Dallum credit for acceptance of responsibility. *Id.* § 3E1.1(a). That total offense level, coupled with Dallum's criminal history category of III which included 3 points for sexual assault of a minor, yielded a guidelines imprisonment range of 210 to 262 months (the district court stated the range as 188 to 235 months, which would have been the applicable guidelines imprisonment range if Dallum had a criminal history category of II).

At sentencing Dallum urged the district court to disregard § 2G2.2 entirely and instead impose a total of 30 months' imprisonment. Dallum reasoned that § 2G2.2 is not empirically sound and should never have been adopted by the Sentencing Commission, and thus any prison term assessed after taking into account the guidelines range would "far exceed any rational sentence." If the district court disregarded § 2G2.2, Dallum continued, the court would arrive at a sentence of 30 months' imprisonment based on the remaining factors in 18 U.S.C. § 3553(a). The district court did not accept Dallum's premise that § 2G2.2 could be ignored, but the court did acknowledge that "the way the [child-pornography guidelines] build upon each other is Draconian" and, after considering the guidelines imprisonment range in Dallum's case, concluded that a lower sentence would be appropriate. The district court then evaluated the remaining § 3553(a) factors before settling on a prison term of 120 months for each count, with 24 months of the second term to run consecutively for a total of 144 months.

On appeal Dallum does not argue that his overall prison term is unreasonable when weighed against all of the § 3553(a) factors. Instead he repeats his argument that § 2G2.2 is invalid and that *any* prison sentence based on a range calculated using that Chapter 2 guideline must be declared unreasonable as a matter of law. In essence, Dallum insists that § 3553(a)(4), which directs the sentencing court to take into account the guidelines range, must be excised from the statute when the crime of conviction relates to child pornography.

We first note that defense counsel has submitted an unacceptable brief on appeal.

He copies into his brief over 30 pages of an article written by a federal public defender on the flaws of the child-pornography guidelines. Although this article is often cited in child-pornography cases, counsel mistakenly assumes that we would receive more benefit from a verbatim recitation of the article than from arguments tailored to Dallum's case.

Dallum insists that his position regarding § 2G2.2 is grounded in *United States v. Booker*, 543 U.S. 220 (2005), but he misunderstands that decision. Although *Booker* made the sentencing guidelines advisory, "district courts must treat the Guidelines as the 'starting point and the initial benchmark.'" *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007) (quoting *Gall v. United States*, 128 S. Ct. 586, 596 (2007); *see also Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009); *Rita v. United States*, 551 U.S. 338, 351 (2007). The district court may impose a sentence outside of the guidelines range because of a policy disagreement with the guidelines, *Spears v. United States*, 129 S. Ct. 840, 843-44 (2009); *Kimbrough*, 128 S. Ct. at 575 , or because the guidelines range does not account for all information pertinent to the § 3553(a) factors, *Rita*, 551 U.S. at 351; *United States v. Smith*, 562 F.3d 866, 872 (7th Cir. 2009), but the court cannot simply refuse to take the guidelines range into account.

Since Dallum filed his appeal, we made this point explicitly in another case involving § 2G2.2: "[W]hile district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, as with the crack guidelines, they are certainly not required to do so." *United States v. Huffstatler*, 571 F.3d 620, 624 (7th Cir. 2009). In *Huffstatler*, we described the argument made by Dallum as "untenable." *Id.* at 623. Indeed, we have since added that a sentencing court is not even obligated to *consider* arguments like the one Dallum presents. *See United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009) ("[W]e do not think a judge is *required* to consider . . . an argument that a guideline is unworthy of application in *any* case because it was promulgated without adequate deliberation.").

Finally, it is patently frivolous for Dallum to argue that his sentence "far exceed[s] any rational sentence." Indeed his sentence of 144 months' imprisonment is extremely lenient considering his conviction for sexual assault of a 16-year-old female and his possession of materials depicting young children engaged in sadistic and masochistic sexual activity. Moreover, his sentence is 66 months below the properly calculated guidelines range of 210 to 262 months' imprisonment and only two years above the 10-year statutory minimum sentence. Thus, Dallum fails to persuade us that his sentence is unreasonable. *See United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008) ("We have never deemed a below-range sentence to be unreasonably high."); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below-range sentences that would be unreasonably high.").

AFFIRMED.