NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 15, 2011
Decided August 24, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1351

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09CR30149-001-DRH |
| EZELL A. CURRY, *Defendant-Appellant*. | David R. Herndon, *Chief Judge.* |

**O R D E R**

Ezell Curry was arrested for selling crack cocaine and was sentenced to 188 months' imprisonment. Curry appeals the sentence, arguing that the district court erred by refusing to disregard the career-offender guideline. Because the district court recognized its discretion to deviate from the guidelines and adequately explained why Curry deserved a sentence within the guidelines, we affirm the judgment.

Between May 26 and June 2, 2009, Ezell Curry completed four sales of crack cocaine to two different government informants, who recorded the sales using audio equipment. A grand jury indicted Curry with two counts (for two of the four sales) of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Curry was arrested in August 2010, and he

pleaded guilty without the benefit of a written plea agreement. In his stipulation of facts Curry admitted that he distributed 2.5 grams of crack cocaine during the sales.

Curry qualified as a career offender under § 4B1.1(a) based on a prior crime of violence and a separate controlled-substance offense. In 1997 an Illinois jury found Curry guilty of aggravated discharge of a firearm for firing a gun toward someone and aggravated battery with a firearm for shooting a second person in the leg. While still on parole in 2001, Curry was arrested and pleaded guilty in Illinois court to possessing with intent to deliver 111 grams of crack cocaine. Curry's status as a career offender drove the calculation of his guidelines range. With a prior drug conviction, Curry faced up to 30 years' imprisonment for distributing 5 grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(C). This corresponds to a base offense level of 34, U.S.S.G § 4B1.1(b)(B), which was reduced by 3 for Curry's acceptance of responsibility, *see* § 3E1.1, to reach a total offense level of 31. His offense level of 31 and criminal history of Category VI, § 4B1.1(b), yielded a guidelines range of 188 to 235 months.

At sentencing the district court adopted the guidelines range in the presentence investigation report. Curry did not object to any aspect of the calculation. He asserted that the court should not defer to the career-offender guideline because, he stated, the Sentencing Commission did not base the guideline on careful study and empirical research. Additionally, Curry claimed that the career-offender guideline was not intended for him, a non-violent offender distributing a small amount of drugs. He requested a sentence of 120 months, which he argued was a substantial sentence but not greater than necessary under the circumstances.

After listening to the parties, the court discussed the applicability of the career-offender guideline:

> So when you talk about history and characteristics, the career offender status is one that is not a situation that is about how many drugs Mr. Curry had on this occasion; it's about Mr. Curry's criminal history. He's just the kind of person the career offender status is meant to apply to, and I certainly -- though I have the discretion to do it, I certainly am not going to take someone with this kind of criminal history and set aside the criminal history classification and disregard it, because it's something that's clearly earned by Mr. Curry.

The court went on to detail its reasons for imposing a sentence within the guidelines range. Looking to the factors under 18 U.S.C. § 3553(a), the court considered the seriousness of crack cocaine distribution in communities in Southern Illinois. It reflected upon Curry's

criminal history, noting that he was before the court for his fourth felony conviction and that during a brief period not incarcerated he lost a job for failing a drug test. The court also considered Curry's continued attempt to characterize himself as a non-violent offender and his refusal to take responsibility for the shootings in 1997, despite having been convicted of those crimes. The court imposed a sentence of 188 months, at the bottom of the guidelines range.

On appeal, Curry makes two arguments. First, he contends that the district court afforded too much deference to the "flawed" career-offender guideline. The guideline is flawed, he argues, because it lacks an empirical basis and therefore does not approximate a sentence that serves the objectives of 18 U.S.C. § 3553(a). Curry acknowledges that a district court need not reject a guideline based on a lack of empirical support, *see United States v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009), but he raises it here to preserve the issue for later consideration.

This court in an en banc decision has rejected the sort of argument pressed by Curry. "[J]udges are as free to disagree with [§ 4B1.1] as they are with § 2D1.1(c) (which sets the crack/powder ratio). No judge is *required* to sentence at variance with a Guideline, but every judge is at liberty to do so." *United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc). The district court here acknowledged its discretion to disregard the career-offender guideline and issued a within-range sentence. The court did not place a thumb on the scale in favor of the guidelines but rather recognized that "[t]he court is prohibited by law from presuming the reasonableness of a guideline sentence, and will not do so. The Sentencing Guidelines are to be considered as advice to this court." The court's comments show that it understood that the career-offender guideline was advisory.

Second, Curry maintains (as he did before the district court) that the Commission created the career-offender guideline to punish repeat drug traffickers and repeat violent offenders, and argues that he does not fall into either category. But as Curry himself conceded, he has the required two prior felony convictions of a crime of violence and a controlled substance offense. U.S.S.G. § 4B1.1(a). Curry asserted at sentencing that he was not a violent offender, but the district court rejected this statement based on Curry's conviction for aggravated assault. The court added that the all-too-brief interludes between each of Curry's four felony convictions showed Curry's continued commitment to crime. The court also agreed with the government that prior attempts to deter Curry had been unsuccessful, given Curry's decision to continue to commit crimes even while on parole.

Accordingly, we AFFIRM the judgment of the district court.