[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13152
Non-Argument Calendar
_____

D.C. Docket No. 8:11-CR-00463-EAK-TGW-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYL CHARLES GLEASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Daryl Charles Gleason appeals his 151-month sentence for conspiracy to manufacture and distribute methamphetamine. After review, we affirm.

In 2011, the Plant City Police Department received citizen complaints that one of the residences in the area was being used for the manufacture and sale of methamphetamine. Those complaints were proven correct after law enforcement officials conducted surveillance of that residence and found several items in the trash that are commonly used for manufacturing methamphetamine. Eventually, the Drug Enforcement Administration and the Plant City Police Department executed a search warrant at the residence and found methamphetamine, lab equipment, and numerous hazardous chemicals. Mr. Gleason was also found asleep in one of the bedrooms.

On March 22, 2012, Mr. Gleason pled guilty to conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. Due to his prior criminal history, Mr. Gleason's advisory range under the Sentencing Guidelines was 151-188 months' imprisonment. Mr. Gleason requested that the district impose a 60-month sentence. At Mr. Gleason's sentencing hearing, the district court imposed a sentence of 151 months' imprisonment and explained that the sentence was based, in large measure, upon the danger to the community posed by operating a methamphetamine laboratory with highly combustible materials in a residential neighborhood.

On appeal, Mr. Gleason argues that his 151-month sentence is procedurally unreasonable because the Sentencing Guidelines' drug quantity tables are inherently flawed with respect to methamphetamine and the district court did not provide a sufficient explanation for its decision.[1] We review the procedural reasonableness of a sentence for abuse of discretion, *see Gall v. United States,* 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007), and we conclude that neither of Mr. Gleason's arguments established an abuse of discretion.

First, Mr. Gleason argues that reliance on the Sentencing Guidelines for methamphetamine offenses is inherently unreasonable because the guideline ranges for those offenses have increased considerably without any empirical basis. He does not, however, point to any case law, from this court or elsewhere, suggesting that a district court is required to find certain guidelines *per se* unreasonable based upon an alleged lack of empirical support.[2] We have certainly never held that to be the case. *See United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010) ("[T]he absence of empirical evidence is not an independent ground that compels the invalidation of a guideline."). Notably, other circuits have not done so

---

[1] Mr. Gleason also argues that his sentence is substantively unreasonable, but he does so for the first time in his reply brief. As a result, we will not consider that argument. *See United States v. Evans,* 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court.").

[2] We recognize that the Supreme Court held that a district court *may* consider whether a particular sentencing guideline has an empirical basis when exercising its discretion during sentencing. *See Kimbrough v. United States*, 552 U.S. 85, 108-10, 128 S.Ct. 558, 574-75 (2007). But *Kimbrough* in no way suggests that a district court *must* do so lest it abuse its discretion.

either. *See, e.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009) ("In appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based."); *United States v. Clogston*, 662 F.3d 588, 592 (1st Cir. 2011) ("Because the discretion to vary under *Kimbrough* is not tantamount to an obligation to do so, . . . the appellant's claim of error founders."); *United States v. Huffstatler*, 571 F.3d 620, 624 (7th Cir. 2009) ("[W]hile district courts perhaps have the freedom to sentence below the [sentencing] guidelines based on disagreement with the guidelines, . . . they are certainly not required to do so."); *United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009) ("We have recognized, however, that *Kimbrough* did not mandate that district courts consider [a guideline's empirical support (or lack thereof)] and do not "act [ ] unreasonably, abuse[ ] [their] discretion, or otherwise commit[ ] error" if they do not."). Therefore, we find no basis to conclude that the district court abused its discretion when it imposed a within-guidelines sentence despite Mr. Gleason's argument that the sentencing guidelines for methamphetamine lack empirical support. *Cf. United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines

4

range is reasonable, we "ordinarily ... expect a sentence within the Guidelines range to be reasonable.")

Second, Mr. Gleason argues that the district court failed to explain why it issued a 151-month sentence because it did nothing more than "recite the facts of the case" and did not specifically respond to his arguments. Initial Br. at 25. We disagree, and find that the record reflects that the district court sufficiently explained its reasoning and adequately considered the 18 U.S.C. § 3553(a) factors.

As an initial matter, the district court expressly acknowledged that it considered all of the § 3553(a) factors. *See* D.E. 103 at 25. *See also United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding that an acknowledgment by the district court that it considered the factors set forth in § 3553(a) is generally sufficient). The record also makes clear that the district court listened to the arguments made by Mr. Gleason. *See* D.E. 103 at 3, 22. Although we acknowledge that the district court could have said more in response to those arguments, we do not find that it was required to specifically respond to each of them in light of its ultimate explanation for Mr. Gleason's sentence. *See Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007) ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not[.]").

In this case, the district court stated that, in determining the sentence, it could not "ignore the danger that [Mr. Gleason] presented to the community," which included operating a methamphetamine laboratory with highly explosive materials in a residential neighborhood and intending to sell methamphetamine that was laced with drain cleaner. *See* D.E. 103 at 21-22. This is more than a simple recitation of the facts; it explains why Mr. Gleason's arguments were rejected. The danger to the community is a relevant factor, and the district court was entitled to find that it outweighed Mr. Gleason's personal history and characteristics. *See* *Snipes*, 611 F.3d at 872 ("[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . , as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented.") (citations and quotation marks omitted) (emphasis in original). We believe that the district court did not abuse its discretion by making that evaluation and imposing a 151-month sentence. *See Pugh*, 515 F.3d at 1192 (finding that a sentence is not necessarily unreasonable simply because the district court attached great weight to a single factor).

**AFFIRMED**.