12-4509-cr
*United States v. Hamilton*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand thirteen.

PRESENT:

DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                                No. 12-4509-cr

WAYNE D. HAMILTON, AKA WAYNE HAMILTON,

*Defendant-Appellant.*

_____

BRENDA K. SANNES, MIROSLAV LOVRIC, RAJIT SINGH DOSANJH, ASSISTANT UNITED STATES ATTORNEYS *for* for Richard S. Hartunian, United States Attorney for the Northern District of New York (On Submission), Syracuse, New York, *for Appellee*.

GENE V. PRIMOMO, ASSISTANT FEDERAL PUBLIC DEFENDER, MOLLY KATHLEEN CORBETT (On Submission), Albany, New York, *for Defendant-Appellant*.

Appeal from a November 1, 2012 judgment of conviction of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of conviction of the District Court is **AFFIRMED**.

Defendant-Appellant Wayne Hamilton ("Hamilton") pleaded guilty to five counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a), 2251(e); one count of receipt of material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1); and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B); 2252A(b)(2). The district court sentenced Hamilton principally to 360 months on each of counts one through five to run consecutively, and to 240 months on count six and 120 months on count seven, both sentences to run concurrently with each other and with the other counts, for a total of 1,800 month's incarceration. Hamilton appeals his

sentence, asserting that the district court erred in its Guidelines calculation by including the statutory maximums of the two grouped counts—Counts 6 and 7, the receipt count and the possession count—in its determination of the combined statutory maximum capping the otherwise applicable Guideline of life imprisonment. Hamilton argues, in addition, that the sentence of 1,800 months was substantively unreasonable. We assume the parties' familiarity with the facts and the procedural history.

"We review a district court's sentence for procedural and substantive reasonableness, a standard akin to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 210 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). We will "set aside a district court's *substantive* determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis in original) (internal quotation marks omitted).

**I. Procedural challenge to Guidelines calculation**

Hamilton argues that the district court's Guidelines calculation was based upon an erroneous use of the grouping and stacking provisions in the United States Sentencing Commission Guidelines Manual—namely, that the district court erred by including the statutory maximums of two grouped counts (Counts 6 and 7) in its determination of the combined statutory maximum capping the otherwise applicable Guideline of life imprisonment. While we typically employ "a standard akin to review for abuse of discretion," in reviewing a procedural challenge, *Cavera*, 550 F.3d 180, 210 (2d Cir. 2008) (en banc), where no procedural error was raised in the district court, the claim of error is forfeited on appeal, and we review only for plain error, *see United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).

Here, Hamilton not only failed to raise an objection in the district court, but also specifically informed the district court in his sentencing memorandum that he had "no specific objections to the presentence report related to the calculation of the guidelines range." Hamilton's failure to raise an objection and statement that he had no objection to the calculation of the Guidelines range might well be viewed as a true waiver precluding appeal. *See, e.g., United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (declining to consider defendant's challenge to sentencing

4

enhancement when he failed to challenge Presentence Investigation Report in district court). We need not here conclusively decide whether Hamilton's procedural sentencing challenge was waived or forfeited because, in any event, he fails to demonstrate error. A district court may "impose[ ] consecutive sentences to produce a combined sentence equal to the total punishment." *United States v. Loeb*, 45 F.3d 719, 723 (2d Cir. 1995). Accordingly, the district court did not commit plain error.

**II. Substantive challenge to length of sentence**

Hamilton next maintains that a cumulative sentence of 1,800 months is substantively unreasonable because given his age and life expectancy, the sentence amounts to "multiple life sentences." But of course, no prisoner can serve more than a life sentence. Any sentence that extends beyond Hamilton's maximum conceivable life expectancy has no practical effect on him. Thus, the sentence imposed on Hamilton (like any sentence a third its length) is simply equivalent to a life sentence. Insofar as Hamilton argues that such lengthy sentences should be "reserved [for] intentional murder," we find such an argument unavailing. Nor are we persuaded that a life sentence in the case at bar overstates the "seriousness of the offense," *see* 18 U.S.C. § 3553(a)(2)(A), given Hamilton's role in producing graphic

child pornography by filming himself sexually abusing children as young as four years old.

Hamilton's recommended Guidelines sentence was life imprisonment. Since none of the individual counts of conviction permit a life sentence, the Guidelines recommend imposing the maximum sentence on one count, and imposing additional consecutive sentences to the extent necessary to "produce a combined sentence equal to the total punishment" recommended by the applicable Guideline calculation. U.S.S.G. § 5G1.2(d). The district court thus was within the Guideline recommendation in imposing consecutive sentences to the extent necessary to guarantee a life sentence. The 1,800 month actually imposed sentence falls below the 2,160 month cap, reflecting Hamilton's statutory maximum. While it could be argued that consecutive sentences on two counts would be sufficient to guarantee an effective life sentence, any potential error in imposing additional consecutive sentences is necessarily harmless, since any sentence in excess of Hamilton's actual lifespan cannot add so much as a day to his term of imprisonment.

The district court did not mechanically impose a Guideline sentence. During Hamilton's sentencing proceeding, the district court considered all of the factors prescribed by 18 U.S.C. § 3553(a). In particular, the court took note not only of the

seriousness of Hamilton's offense conduct, but also Hamilton's difficult childhood, his struggle with alcoholism, and his expressions of remorse.  The court did not err, however, in concluding that Hamilton's crimes were grave.  Because Hamilton's sentence is within the broad range of permissible decisions available to the district court, it cannot be deemed substantively unreasonable.  *See Cavera*, 550 F.3d at 189; *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).  We have reviewed Hamilton's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7