15-4192-cr
United States v. Howells

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand seventeen.

PRESENT:   REENA RAGGI,
               DENNY CHIN,
               RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

                         *Appellee*,

                v.                                          No. 15-4192-cr

STEPHEN M. HOWELLS, II,

                         *Defendant-Appellant*,

NICOLE VAISEY,

                         *Defendant*.[*]

-----------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

APPEARING FOR APPELLANT: COURTENAY K. MCKEON, Research and Writing Attorney (Lisa A. Peebles, Federal Public Defender, *on the brief*), Office of the Federal Public Defender, Syracuse, New York.

APPEARING FOR APPELLEE: STEVEN D. CLYMER, Assistant United States Attorney (Lisa M. Fletcher, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 22, 2015, is AFFIRMED.

Defendant Stephen Howells stands convicted after a guilty plea to sixteen conspiratorial and substantive counts of sexually exploiting children, *see* 18 U.S.C. § 2251(a), (e), and five counts of possession of child pornography, *see id.* § 2252A(b)(2). The exploitation counts are based on horrific conduct: Howells repeatedly raped and/or sexually abused no fewer than six young girls, ranging in age from five to eleven. Two of the girls, including a six-year-old, were kidnapped after considerable planning and taken to Howells's residence where they were kept in handcuffs and chains when Howells was not sexually abusing them. A trained nurse, Howells routinely drugged his exploitation victims, administering or injecting them with a variety of substances, including but not limited to oxycodone, morphine, methadone, Ambien, Valium, Restoril, and Xanax. Howells recorded his exploitation of the children, frequently from multiple angles. He maintained these recordings together with an enormous collection of

2

materials depicting others' sexual abuse of several hundred children, which supported the five child pornography counts of conviction. The Guidelines offense level for this criminal conduct far exceeded 43, the maximum level, which, even with Howells' criminal history category of I, yielded a recommended—and here undisputed—Guidelines sentence of life imprisonment.

It is against this backdrop that we consider Howells' appeal from the 580-year sentence imposed, which represents consecutive maximum terms of 30 years on each of the sixteen exploitation counts of conviction and consecutive maximum terms of 20 years on each of the five child pornography counts. Howells, who sought a downward variance to a total sentence of 30 years' imprisonment, argues that the 580-year sentence is procedurally and substantively unreasonable and constitutes cruel and unusual punishment in violation of the Eighth Amendment. The government maintains that Howells failed to preserve these claims in the district court, thus limiting our review to plain error. We need not pursue that issue because we identify neither due process nor Eighth Amendment error in the challenged sentence. In explaining that conclusion, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Reasonableness Challenge

In reviewing a challenged sentence for reasonableness, we apply "a particularly deferential form of abuse-of-discretion" review to both the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness). *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (*en*

*banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). Howells fails to demonstrate such abuse in either respect.

a.    Procedural Reasonableness

Howells argues that the district court committed procedural error in calculating his "total punishment" under the Guidelines as 580 years rather than life imprisonment. We are not persuaded. The district court quite clearly acknowledged that, with a total offense level of 43 and a criminal history category of I, the total punishment called for by Howells' "guideline imprisonment range is life." App'x 193. But it also recognized that "no count of conviction carries a potential life sentence." *Id.* It was only in that context that it stated that Howell's "guideline sentence becomes 580 years." *Id.* The statement does not represent a miscalculation of total punishment but, rather, a proper application of U.S.S.G. § 5G1.2 to achieve a life sentence.

Subpart (b) of that Guideline states that a sentencing court must "determine the total punishment and shall impose that total punishment on each . . . count." U.S.S.G. § 5G1.2(b). But subpart (d) of the same Guideline states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." *Id.* § 5G1.2(d). As the district court correctly noted, no one of Howells' counts of conviction carried the Guidelines life sentence. Thus, it was appropriate to run his sentences consecutively to effect a total punishment of life imprisonment. In

4

short, we identify no procedural error in the district court's calculation of the Guidelines "total punishment."

In urging otherwise, Howells argues that § 5G1.2(d) calls for consecutive sentences "only to the extent necessary to produce a combined sentence equal to the total punishment" of life imprisonment. He maintains that by imposing maximum consecutive sentences on each of his counts of conviction for a total 580-year prison term, the district court went beyond what was necessary to achieve a life sentence. He submits that the district court should have calculated his life expectancy—which he places at somewhere between 39.2 and 44.3 years—and imposed consecutive sentences only to that extent. Howells not only failed to present this life-expectancy argument to the district court, but he also fails to cite any authority supporting such an application of § 5G1.2(d) to life sentences. This omission is significant in light of our own summary affirmance of consecutive maximum sentences exceeding any defendant's life expectancy to achieve a Guidelines total punishment of life imprisonment. *See United States v. Hamilton*, 548 F. App'x 728 (2d Cir. 2013) (upholding consecutive maximum sentences totaling 150 years); *see also United States v. Thompson*, 523 F.3d 806, 809, 814 (7th Cir. 2008) (upholding 190-year sentence to achieve Guidelines sentence of life imprisonment); *United States v. Lott*, 310 F.3d 1231, 1244 (10th Cir. 2002) (upholding 125-year sentence to effect Guidelines life sentence). Further, as the government observes, a life-expectancy limit on § 5G1.2(d) leaves open the possibility of a windfall for a defendant who outlives that expectancy. By contrast, where a defendant's total punishment is life imprisonment, a term of years longer than his life is harmless because

no defendant can be incarcerated beyond his lifetime. In arguing against harmlessness, Howells asserts that "[t]here is simply no telling how the district court would have proceeded if it had properly determined the Guidelines range here." Appellant's Br. 20 n.8. The argument fails because, (1) as stated earlier, the district court did properly determine Howells' Guidelines range here as life imprisonment, and (2) the record leaves no doubt that the district court did not think anything less than a life sentence was adequate to satisfy 18 U.S.C. § 3553(a) in this case. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (noting any error harmless where district court "would have imposed the same sentence in any event" (internal quotation marks omitted)).

Accordingly, we identify no procedural error warranting vacatur of the challenged sentence as unreasonable.

  b. <u>Substantive Reasonableness</u>

"A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," *United States v. Cavera*, 550 F.3d at 188, and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *id.* at 189 (emphasis and internal quotation marks omitted); *see United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that broad range of sentences can be deemed substantively reasonable). This is not such a case.

Howells argues that his sentence is substantively unreasonable insofar as the district court failed adequately to consider (a) his own history of abuse as a child and his expressions of remorse; (b) the "lengthy state court sentence" he would likely serve "for

6

the sexual abuse and kidnapping" of two of his victims, Appellant's Br. 21; and (c) the counterproductive deterrent effect of his lengthy sentence given that he released rather than killed his kidnap victims, cooperated with authorities, and pleaded guilty. None of these arguments persuades.

Howells' contention that the district court "utterly dismissed" his own history and remorse, *id*. at 23, is belied by the court's reference to these facts on the record in explaining why it, nevertheless, deemed them insufficient reason to vary from the Guidelines life sentence, *see* App'x 194. The weight to be given such mitigating factors "is a matter firmly committed to the discretion of the sentencing judge and is beyond our appellate review, as long as the sentence ultimately imposed is reasonable." *United States v. Florez,* 447 F.3d 145, 158 (2d Cir. 2006) (alteration and internal quotation marks omitted). The same conclusion applies with respect to the weight the district court chose to give possible reduced general deterrence as compared to numerous case-specific aggravating factors supporting the challenged sentence.

Further, Howells incorrectly characterizes his state sentence as one for kidnapping *and* sexual abuse. Sexual abuse is not an element of his New York crimes of second-degree kidnapping. *See* N.Y. Penal Law § 135.20. Nor is kidnapping an element of his federal sexual exploitation crimes. Thus, substantive reasonableness did not compel the district court to reduce Howells' federal sentence in light of his state convictions. Indeed, even if the district court deemed the federal and state crimes of conviction related or overlapping, the Guidelines would recommend only for Howells'

7

federal sentence to run concurrent with that of the state, not for a reduction of the federal term. *See* U.S.S.G. § 5G1.3(c).

Howells' sentence is undoubtedly severe. But the district court carefully explained why it deemed such a life sentence "not greater than necessary" to do justice in this case. App'x 194; *see* 18 U.S.C. § 3553(a). First, there was "the number of children . . . harmed" by Howells' "deviant sadistic sexual desires," which he carried out "with no apparent guilt or remorse." App'x 195. This was only aggravated by the drugging of the children—with one child subjected to "ten different drugs" in the course of Howells' sexual abuse—despite defendant's "full[] aware[ness] of the dangerous consequences, . . . including the possibility of overdose and death." *Id.* at 196. The court further noted the months Howells devoted to "planning to kidnap children to be used as sex slaves," during which he spent "hours upon hours . . . driving around looking for children and building a soundproof room in order to imprison them." *Id.* at 197–98. The court noted that Howells had subjected his children victims to sexual conduct that was "unspeakable," instilling fear that was "unfathomable" and causing psychic harm that would likely last their lifetimes. *Id.* His child abductions had also brought "immense fear and alarm" to a whole community. *Id.* Further, the court considered "the approximately 15 years" Howells had "spent victimizing hundreds of other children"—389 of whom had been identified by law enforcement officials worldwide—"by amassing an enormous collection of internet child pornography, including bondage, sadistic abuse and torture of very young children." *Id.* at 197. Characterizing Howells as "extremely dangerous and a violent sex offender," the district

8

court concluded that "[o]nly a life sentence can ensure the safety of the community, provide just punishment for the profound crimes against children and afford adequate deterrence. I cannot in good conscience impose a sentence that will ever allow you to have access to children again." *Id.* at 198.

This thorough explanation for the challenged sentence, amply supported by the record, defeats Howells' substantive reasonableness challenge.

2. <u>Eighth Amendment Challenge</u>

Howells maintains that a 580-year sentence in his case must be deemed cruel and unusual punishment. This court, however, has held that "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef,* 327 F.3d 56, 163 (2d Cir. 2003). For reasons already stated, we conclude that the district court properly applied the Sentencing Guidelines here and properly imposed maximum consecutive sentences on each count of conviction to effect the recommended Guidelines sentence of life imprisonment.

Howells nevertheless argues that his 580-year sentence must be deemed "grossly disproportionate" to his crimes of conviction because it vastly exceeds sentences imposed on other serious sexual abusers of children. *Solem v. Helm,* 463 U.S. 277, 288 (1983). It is by no means evident that Howells' comparators are all similarly situated to him. For example, the defendant in *United States v. Huffstatler,* 571 F.3d 620 (7th Cir. 2009), who was sentenced to a prison term of 450 months (37.5 years), was a recidivist sex

9

offender, but his crime of conviction involved sexual abuse of a 14-year-old child on one occasion, not the repeated sexual abuse of six different children engaged in by Howells. Meanwhile, the 65-year sentence imposed on the 40-year-old defendant in *United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008), and the 140-year sentence imposed in *United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006), while numerically lower than the challenged sentence here, have the same effect, *i.e.*, all ensure that each defendant will be incarcerated for the rest of his life.

Because a life sentence is not constitutionally disproportionate for Howells' sadistic crimes of conviction against young children, *see Graham v. Florida*, 560 U.S. 48, 59 (2010) (holding that proportionality review requires consideration of all circumstances in particular case); *United States v. Reingold*, 731 F.3d 204, 211–12 (2d Cir. 2013) (explaining that, while Eighth Amendment "prohibits grossly disproportionate sentences," only rarely has Supreme Court held "sentence falling within a legislatively prescribed term of years . . . grossly disproportionate"), and because Howells cannot serve more than a life sentence, even on a 580-year term, his Eighth Amendment challenge fails on the merits.

3.    Conclusion

We have considered Howells' remaining arguments, and we conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

10