16-2636,
United States v. Chase

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand Seventeen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         RAYMOND J. LOHIER, JR.,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    16-2636

BROK JAMES CHASE,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                MELISSA A. TUOHEY, Assistant
                              Federal Public Defender, for
                              Lisa A. Peebles, Federal
                              Public Defender, Syracuse,
                              NY.

1

**FOR APPELLEE:** MICHAEL GADARIAN (Rajit S. Dosanjh, Lisa M. Fletcher, on the brief), Assistant United States Attorney, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-appellant Brok James Chase pleaded guilty to four counts of sexual exploitation of a child for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a). The exploitation counts are based on repeated and horrific sexual abuse of his young stepdaughter. The United States District Court for the Northern District of New York (Sannes, J.) sentenced Chase principally to fifty years' imprisonment. Chase appeals his sentence, asserting that it was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's sentence for procedural and substantive reasonableness, which amounts to review for abuse of discretion. United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." Id. at 190. It also errs procedurally if it does not consider the factors set forth in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails to adequately explain its chosen sentence. Id.

A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions." Id. at

2

189.  "[O]nly those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice'" are substantively unreasonable.  United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012) (quoting United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009)).

**1.**  Chase argues procedural error on two grounds.  First, he contends that the court abused its discretion by refusing to depart downward due to his mental and emotional conditions pursuant to U.S.S.G. § 5H1.3.

"Claims that the district court erred in refusing to depart are not cognizable on appeal in the absence of substantial indication that the district judge believed she lacked authority to depart or an indication that a violation of the law occurred."  United States v. Jackson, 658 F.3d 145, 153-54 (2d Cir. 2011); see United States v. Robinson, 799 F.3d 196, 201 (2d Cir. 2015) ("[A] district court's decision not to depart from the Guidelines is generally unreviewable, unless it misunderstood its authority to do so.").

Nothing in this record suggests that the district court misunderstood its authority to depart or that the sentence was otherwise illegal.  In fact, the district court explicitly acknowledged its authority to depart downward based on Chase's mental and emotional conditions and declined to exercise this authority after carefully considering the circumstances of Chase's case.  Accordingly, we lack jurisdiction to review this decision.  See United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (per curiam) ("[I]n the post-Booker sentencing regime . . . review of [the denial of a downward departure] will be available only when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." (quotation marks omitted)).

**2.**  Chase's second procedural challenge is that the district court failed to satisfy its stated objective of imposing a below-Guidelines sentence.

The Guidelines offense level for Chase's criminal conduct yielded a recommended -- and here undisputed -- sentence of life

imprisonment.  However, because the statutory maximum for each of the four counts of conviction was thirty years, the Presentence Investigation Report, adopted by the district court, stacked the statutory maximums to arrive at a recommended Guidelines sentence of 120 years' imprisonment.  After analyzing the factors set forth in § 3553(a), the district court rejected the Guidelines sentence as excessive and imposed a sentence of fifty years.

Chase argues that this fifty-year term (at the conclusion of which he will be in his seventies) is effectively a life sentence, and, therefore, does not achieve the district court's desired below-Guidelines result.  Because he failed to raise this objection in the district court, we review for plain error.[1] See United States v. Villafuerte, 502 F.3d 204, 207-08 (2d Cir. 2007).  We identify no error, plain or otherwise.

Chase's sentence is below the Guidelines, which the district court properly calculated to be 120 years' imprisonment.  Section 5G1.2(d) of the Guidelines authorizes courts to stack statutory maximums, as the district court did, to reach a term of years equivalent to a life sentence.  See United States v. Brown, 843 F.3d 74, 82 (2d Cir. 2016) (holding that the district court correctly applied § 5G1.2(d) by stacking statutory maximums for 110-year sentence).  Specifically, § 5G1.2(d) states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d).  Chase submits that because the "total punishment" of life in prison could be achieved by a sentence less than 120 years, the district court should have calculated his Guidelines sentence using average life expectancy data.  He

---

[1] Under plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013).

4

cites no authority supporting such an approach, and we see no reason to adopt it.

In any event, fifty years is not the same as life. With his release expected at the age of seventy-two, Chase's sentence allows for the real possibility that he will outlive his prison term. Thus, regardless of whether the measure is 120 years or life, Chase received the below-Guidelines sentence intended by the district court.

**3.** Chase claims that the sentence is substantively unreasonable because it fails to properly account for the need to provide him with mental health and sex offender treatment in the most effective manner, as prescribed by 18 U.S.C. § 3553(a)(2)(D). He contends that such treatment is best provided outside of prison.

The district court did not abuse its discretion in sentencing Chase to fifty years' imprisonment. This sentence was the result of careful consideration of the § 3553(a) factors and the circumstances of Chase's case. The court imposed a long period of incarceration not because it was oblivious to the need to provide appropriate treatment -- that need was explicitly recognized -- but because it concluded that other considerations militated in favor of significant incapacitation, deterrence, and punishment. Those considerations included: the extreme and heinous nature of the sexual abuse; the prolonged period of abuse; the victim's age (four to six years old during that period); Chase's efforts to opt the victim out of child abuse programming at school; his deletion of evidence stored on his computer when agents arrived at his home; his large collection of child pornography; and his sharing of child pornography over a peer-to-peer network. See Cavera, 550 F.3d at 191 ("[W]e do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." (citation omitted)).

Given the seriousness of Chase's crimes and the broad range of permissible decisions available to the district court, we

5

cannot conclude that his sentence was unreasonable.[2]

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] We note that fifty years' incarceration is in line with other cases involving severe sexual abuse of children. See, e.g., Brown, 843 F.3d 74 (sixty years); United States v. Hamilton, 548 F. App'x 728 (2d Cir. 2013) (summary order) (150 years); United States v. Ketcham, 507 F. App'x. 42 (2d Cir. 2013) (summary order) (sixty years).

6